766 So.2d 41 (2000)
Moses L. PLEAS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-CP-01510-COA.
Court of Appeals of Mississippi.
June 20, 2000.
Moses L. Pleas, Appellant, pro se.
Office of the Attorney General by Billy L. Gore, Attorney for Appellee.
BEFORE SOUTHWICK, P.J., IRVING, AND PAYNE, JJ.
PAYNE, J., for the Court:

PROCEDURAL HISTORY AND FACTS
¶ 1. On December 3, 1997, Moses L. Pleas was indicted in the Lamar County Circuit Court pursuant to Miss.Code Ann. § 97-5-23 (Supp.1999) for fondling an eleven-year-old child. On April 28, 1998, Pleas entered a guilty plea. Pleas was sentenced to serve ten years with the Mississippi Department of Corrections with five of those years suspended to be served on post-release supervision.
¶ 2. On July 29, 1999, Pleas filed a motion for post-conviction collateral relief which was denied. With his appeal to this Court, Moses L. Pleas argues he was denied the effective assistance of counsel during his plea stage and that his guilty plea was not made knowingly and voluntarily in that he believed he would not receive a mandatory sentence. Pleas requests this Court reverse and remand back to the Lamar County Circuit Court for an evidentiary hearing to allow opportunity to prove his claims. For the reasons stated herein, we deny Pleas's *42 requests and affirm the Lamar County Circuit Court.

ARGUMENT AND DISCUSSION OF THE LAW

STANDARD OF REVIEW
¶ 3. Moses L. Pleas's first issue on appeal regards whether or not his counsel was effective. We review our oft-stated procedure for reviewing claims of ineffective assistance of counsel, as described in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Our inquiry under Strickland is twofold: (1) Was defense counsel's performance deficient when measured by the objective standard of reasonable professional competence, and if so (2) Was [the appellant] prejudiced by such failure to meet that standard? ... The "defense counsel is presumed competent and the burden of proving otherwise rests on [the appellant]." ... "[T]his Court bases its decisions as to whether counsel's efforts were effective on the totality of the circumstances surrounding each case." This Court's scrutiny of defense counsel's performance is highly deferential.
Wiley v. State, 750 So.2d 1193 (¶ 11) (Miss. 1999) (citations omitted).
¶ 4. Regarding Pleas's second issue concerning the voluntariness of his guilty plea, we look to Weatherspoon v. State, 736 So.2d 419 (Miss.Ct.App.1999). "Our standard of review pertaining to voluntariness of guilty pleas is well settled: `this Court will not set aside findings of a trial court sitting without a jury unless such findings are clearly erroneous.' In order to meet constitutional standards, a guilty plea must be freely and voluntarily entered." Weatherspoon, 736 So.2d at (¶ 5) (citing Schmitt v. State, 560 So.2d 148 (Miss.1990)). Applying these standards to Pleas's issues, we find the arguments propounded to be without merit. We affirm the trial court on both issues.
ANALYSIS OF THE ISSUES PRESENTED
I. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL DID NOT INFORM OF MANDATORY SENTENCE UNDER THE SIXTH AMENDMENT.
II. APPELLANT'S GUILTY PLEA IS NOT KNOWINGLY AND VOLUNTARILY ENTERED UNDER URCCC 8.03(A)(3) BECAUSE OF THE DECEPTION OF COUNSEL.
¶ 5. Pleas combines his two issues into one discussion, arguing that because he was misled by his counsel, he did not knowingly and voluntarily enter his guilty plea. Pleas's counsel was court appointed attorney Scott Schwartz. Pleas argues, specifically, that Schwartz led him to believe that he would not serve a mandatory sentence if he plead guilty, and that he would be charged as an habitual offender. Arguing his plea was not entered voluntarily, pursuant to Uniform Circuit and County Court Rule 8.04(A)(3),[1] Pleas seeks to have his sentence vacated.
¶ 6. We first examine Pleas's plea agreement. Contained in Pleas's petition to enter plea of guilty is Pleas's affirmation that "I know that if I plead `GUILTY' to this charge, the possible sentence is 2 year minimum to 15 years maximum, imprisonment." As well, the agreement also contains Pleas's affirmation that "I declare that no officer or agent of any branch of government ... has made any promise or suggestion of any kind to me, or within my knowledged [sic] to anyone else, that I will receive a lighter sentence, or probation, or *43 any other form of leniency if I plead `GUILTY', except: state shall not pursue him as habitual offender and shall recommend a sentence of 5 years to serve." (emphasis added).
¶ 7. It appears Pleas has misunderstood his process. He claims he was misinformed that he would not receive a mandatory sentence. However, he did not receive such a sentence, nor was he sentenced as an habitual offender (as stated above), which carries with it a mandatory maximum sentence under statute.[2] For these reasons, Pleas cannot claim his counsel was ineffective in informing him as to his sentencing options.
The defendant claiming ineffective assistance of counsel must show, by a preponderance of the evidence, that there is a reasonable probability that had counsel's assistance been effective, he would not have pled guilty, but would have insisted on going to trial.
Bell v. State, 751 So.2d 1035 (¶ 14) (Miss. 1999). Since Pleas's allegations that he was wrongly assured he would not receive the mandatory maximum sentence were unfounded, we can not find where the counsel's performance was deficient. Pleas got exactly what he bargained for, five years actual prison time. Nor can there be found any prejudice to Pleas since his counsel's performance was not deficient. This issue regarding effective assistance of counsel is without merit.
¶ 8. Regarding whether Pleas's plea was knowingly and voluntarily made, we have the signed plea agreement wherein Pleas attested that "I offer my plea of `guilty' freely and voluntarily and of my own accord" and that "I am satisfied with the advice and help [my lawyer] has given me." Pleas also testified before the judge that he had been explained all the penalties on his charge including the minimum and maximum sentence, that he was satisfied with his counsel's explanation of the charges against him, that he knew his penalty ranged from two to fifteen years, and that his lawyer had not promised him a certain sentence. Taking this into consideration with his written affirmations in his petition to enter a guilty plea, there exists no evidence that Pleas's guilty plea was not entered knowingly and voluntarily. This second issue is likewise without merit.

CONCLUSION
¶ 9. Finding Pleas's counsel to have effectively assisted him, and finding Pleas's guilty plea to have been voluntarily and knowingly entered, we affirm the decision of the Lamar County Circuit Court.
¶ 10. THE JUDGMENT OF THE LAMAR COUNTY CIRCUIT COURT DENYING POST CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAMAR COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, AND THOMAS, JJ., CONCUR.
NOTES
[1] "Before the trial court may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea. A plea of guilty is not voluntary if induced by fear, violence, deception, or improper inducements. A showing that the plea of guilty was voluntarily and intelligently made must appear in the record." URCCC 8.04(A)(3).
[2] Miss.Code Ann. § 99-19-81 (Rev.1994) describes sentencing for habitual offenders: "Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation." (emphasis added).