BRIDGES, J.,
for the Court:
¶ 1. This case comes from the Circuit Court of Coahoma County, Honorable John L. Hatcher presiding. Kendrick Berry pled guilty to the crime of robbery and was sentenced to a term of ten years, suspended, and placed on supervisory probation. Subsequent to the sentencing hearing, the State discovered Berry had been convicted of the crime of robbery in Tennessee. The State then moved to re-sentence Berry, and Berry moved to set aside his guilty plea. Berry’s motion was denied, and Berry was sentenced to serve a term of five years with the Mississippi Department of Corrections. Berry appealed to the Mississippi Supreme Court. The Supreme Court ruled the length of his sentence was legal, but the Court did not decide whether the trial court should have allowed Berry to withdraw his guilty plea. Berry filed a motion for post-conviction relief with the circuit court, but it was denied. Berry now appeals the denial of his motion for post-conviction relief on the basis of two issues:
1. WHETHER THE PLEA RECOMMENDATION CAN BE AN INDUCEMENT FOR A GUILTY PLEA; AND 2. WHETHER BERRY COULD WITHDRAW HIS GUILTY PLEA AFTER HE DISCOVERED THAT THE SENTENCE BASED ON THE PLEA RECOMMENDATION WAS ILLEGAL UNDER § 47-7-33 OF THE MISSISSIPPI CODE ANNOTATED (REV.2000).
Finding error, we reverse.
STATEMENT OF THE FACTS
¶ 2. Kendrick Berry was indicted for the crime of armed robbery on December 9, 1996. Berry was indicted with a co-defendant, Kenneth Watson, who pled guilty on January 13, 1997. Berry pled not guilty and chose to go to trial. Berry’s trial began on January 17,1996. On the second day of the trial, Berry announced he would like to change his plea. A hearing was had outside of the presence of the jury. The State had come to an agreement with Berry for a plea recommendation of a ten year suspended sentence and Berry would have to pay court costs.
¶ 3. The trial judge questioned Berry extensively to insure Berry’s plea was knowingly and voluntarily entered. After a thorough examination, in which the trial judge asked Berry if he had been coerced into pleading guilty, informed Berry of the rights he was giving up by pleading guilty, stated the maximum and minimum sentence Berry could receive, and reminded Berry that the trial court was not bound to accept the State’s plea recommendation, the trial court found Berry was entering the guilty plea knowingly and voluntarily. Berry then pled guilty to the charge of robbery. The trial court accepted the plea and orally sentenced Berry to a ten year suspended sentence, ten years of probation, and the payment of court costs.
¶ 4. The clerk entered the sentence and guilty plea into the docket, but no written order of sentence or guilty plea was en *1235 tered by the trial court. Prior to the entrance of a written order, the State became aware that Berry had been previously convicted twice of the crime of robbery in the State of Tennessee. Berry filed a motion for his guilty plea to be set aside, and the State filed a motion for re-sentencing because § 47-7-33 of the Miss.Code Ann. (Rev.2000) prevents the suspension of a sentence for anyone who has been previously convicted. The trial court denied Berry’s motion to withdraw his guilty plea, and re-sentenced Berry to a five year term in the custody of the Mississippi Department of Corrections. The trial court found the State’s motion to re-sentence moot because no written judgment had been entered and the oral sentence was void in light of the defendant’s failure to disclose his two prior sentences. Berry filed a motion for post-conviction relief. This motion was denied by the circuit court, and Berry has appealed the denial to this Court.
STANDARD OF REVIEW
¶ 5. “This Court reviews the denial of post-conviction relief under an abuse of discretion standard.” Andrews v. State, 791 So.2d 902 (¶ 4) (Miss.Ct.App.2001).
¶ 6. In dealing with the voluntariness of guilty pleas, this Court’s standard of review states this Court will not set aside the findings of the trial court unless they are clearly erroneous. Pleas v. State, 766 So.2d 41 (¶ 4) (Miss.Ct.App.2000). In addition, a guilty plea meets constitutional requirements when it is freely and voluntarily entered. Id.
ANALYSIS
1. WHETHER THE PLEA RECOMMENDATION CAN BE AN INDUCEMENT FOR A GUILTY PLEA; AND
2. WHETHER BERRY COULD WITHDRAW HIS GUILTY PLEA AFTER HE DISCOVERED THAT THE SENTENCE BASED ON THE PLEA RECOMMENDATION WAS ILLEGAL UNDER § 47-7-33 OF THE MISSISSIPPI CODE ANNOTATED (REV.2000).
¶ 7. These two issues will be discussed together because they are interrelated such that if the State’s plea recommendation was an inducement for Berry to plead guilty, then .Berry should be allowed to withdraw his guilty plea. Berry argues the State’s plea recommendation of a suspended sentence acted as an inducement for him to plead guilty, and since the sentence recommendation was for an illegal sentence then he should be allowed to withdraw his guilty plea. Berry recognizes that the trial court did not have to follow the prosecution’s plea recommendation, but regardless of whether it was a plea recommendation or a plea bargain, the plea recommendation still acted as ah inducement. The State counters by arguing Berry’s guilty plea was knowingly and intelligently entered, as found by the trial court.
¶ 8. As stated above, this Court must find an abuse of discretion in order to overturn a circuit court’s denial of post-conviction relief. Andrews, 791 So.2d at (¶ 4). Also, this Court will only overturn a trial court’s finding of a knowing and voluntary guilty plea if that finding is clearly erroneous. Pleas, 766 So.2d at (¶ 4). Therefore, the question becomes whether the trial court abused its discretion by erroneously finding Berry’s guilty plea knowingly and voluntarily entered. If a guilty plea is improperly induced, the defendant should be allowed to withdraw the plea and should be allowed to enter a new plea or be given the opportunity for a new trial. Weaver v. State, 785 So.2d 1085 (¶ 9) (Miss.Ct.App.2001).
*1236 ¶ 9. It should be noted that the plea recommendation offered to Berry by the prosecution was for an illegal sentence. The State offered Berry a plea recommendation of a ten year suspended sentence. Section 47-7-33(1) of the Mississippi Code Annotated states:
When it appears to the satisfaction of any circuit court or county court in the State of Mississippi, having original jurisdiction over criminal actions, or to the judge thereof, that the ends of justice and the best interest of the public, as well as the defendant, will be served thereby, such court, in termtime or in vacation, shall have the power, after the conviction or a plea of guilty, except in a case where a death sentence or life imprisonment is the maximum penalty which may be imposed or where the defendant has been convicted of a felony on a previous occasion in any court or courts of the United States and of any state or territories thereof, to suspend the imposition or execution of sentence, and place the defendant on probation as herein provided, except that the court shall not suspend the execution of a sentence of imprisonment after the defendant shall have begun to serve such sentence.
Miss.Code Ann. § 47-7-33 (Rev.2000). It should be noted that the State did not know of Berry’s previous convictions prior to making its offer, and the trial court did not ask Berry if he had been previously convicted. However, because of this statute, the plea recommendation offered by the State was for an illegal sentence.
¶ 10. The Mississippi Supreme Court has previously held where a defendant pled guilty on the mistaken belief he was eligible for a suspended sentence, then the defendant must be allowed to withdraw his guilty plea and be allowed to either enter a new plea or have a trial. Robinson v. State, 585 So.2d 757, 759 (Miss.1991). In the Robinson case, the trial judge was aware Robinson had been previously convicted and still gave Robinson a suspended sentence. Id. In this case, the trial judge was unaware of the fact Berry had previously been convicted in Tennessee, and this is the point upon which the trial court based its denial of post-conviction relief. This, however, is not a valid basis, because while the judge may not have known of the prior convictions, the State offered Berry the plea recommendation. Berry was led to believe he was eligible for such a sentence, thus making his guilty plea improperly induced.
¶ 11. The State argues the trial court found Berry’s guilty plea to be knowingly and voluntarily given. While this is true, the trial court never asked Berry whether he had been previously convicted of a crime, and the record does not indicate Berry was ever told that a previous conviction would prevent him from receiving a suspended sentence. This fact goes to the very heart of Berry’s plea and prevents it from being knowingly entered. When Berry filed his motion to withdraw his guilty plea, the trial court refused his motion because the State offered him a plea recommendation, not a plea bargain, and the court was not obligated to follow such a recommendation. This kind of distinction in terms has little effect on the volun-tariness of Berry’s guilty plea. It still led Berry to believe he was eligible for an illegal sentence, and because of this Berry should be allowed to withdraw his guilty plea.
CONCLUSION
¶ 12. Because Berry’s guilty plea was induced by a plea recommendation for an illegal sentence, Berry should be allowed to withdraw his guilty plea and be given *1237 the chance to enter a new plea or go to trial.
¶ 13. THE JUDGMENT OF THE COAHOMA CÓUNTY CIRCUIT COURT DENYING POST CONVICTION RELIEF IS HEREBY REVERSED, AND BERRY SHOULD BE ALLOWED TO WITHDRAW HIS GUILTY PLEA AND EITHER ENTER A NEW PLEA OR BE GIVEN A TRIAL. COSTS OF THIS APPEAL ARE ASSESSED TO COAHO-MA COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, CHANDLER AND BRANTLEY, JJ., CONCUR. MYERS, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.