802 So.2d 1058 (2001)
Steven E. WILLIAMS a/k/a Steven Edward Williams, Appellant
v.
STATE of Mississippi, Appellee.
No. 2000-CP-01081-COA.
Court of Appeals of Mississippi.
December 18, 2001.
*1059 Steven E. Williams, Appellant, pro se.
Office of the Attorney General by Jean Smith Vaughan, Attorney for Appellee.
Before McMILLIN, C.J., BRIDGES, and CHANDLER, JJ.
McMILLIN, C.J., for the Court.
¶ 1. The appellant, Steven E. Williams, in this pro se appeal, seeks appellate review of an order of the Circuit Court of Itawamba County denying his request for post-conviction relief from incarceration. Williams had originally pled guilty to a charge of grand larceny and was sentenced to serve five years. The sentence was suspended conditioned on his good behavior and completion of a substance abuse rehabilitation program. His probation was revoked in September 1997 after he was arrested in Alcorn County for driving while intoxicated.
¶ 2. Williams filed several post-detention pleadings seeking release from incarceration that included a number of alternate theories for relief. The trial court consolidated these pleadings for consideration and, treating them all as requests for post-conviction relief, denied relief by an order that was dated and entered on February 8, 1999. Williams did not take an appeal from that order. Rather, on May 30, 2000, he filed another motion for post-conviction relief, in which he claimed broadly that "the trial court was without jurisdiction to impose sentence" in the grand larceny case. Alternatively, in an apparent attempt to get around the three year statute of limitations, Williams claimed that he had newly-discovered evidence concerning the propriety of his original sentence. That newly-discovered evidence was his assertion that he had a previously-undisclosed felony conviction in Alabama dating back to 1991. The trial court denied relief without hearing, finding that the motion was an impermissible successive filing raising the same issues that had been presented in the previous filings.
¶ 3. It is from that order that Williams perfected the appeal that is now before this Court. We affirm the decision of the trial court.
¶ 4. We have afforded Williams substantial latitude in reviewing the record and his brief in support of his claim for relief regarding the attack on the court's jurisdiction to sentence him originally. We do so in view of his status as a pro se litigant. Myers v. State, 583 So.2d 174, 175 (Miss.1991). Even the most expansive reading of his brief, however, leaves us convinced that his claims are founded on allegations of ineffective assistance of counsel at his original plea hearing. That matter was clearly before the trial court *1060 and disposed of on the merits by the trial court's February 1999 order. Any additional attempt to raise that same issue is specifically barred by the statutory provisions relating to successive filings. Miss. Code Ann. § 99-39-27(9) (Rev.2000); Hodgin v. State, 710 So.2d 404, 405 (¶ 2) (Miss. 1998).
¶ 5. As we have observed, Williams also claims that newly-discovered evidence now renders his original plea void. Williams makes that claim by revealing that, at the time he was sentenced in 1997, he had a previous felony conviction in Alabama arising in 1991, and that this fact deprived the trial court of authority to enter a suspended sentence. See Miss.Code Ann. § 47-7-33(1) (Rev. 2000). Whether a defendant may maintain his silence regarding a felony conviction in another jurisdiction in order to obtain a suspended sentence but then raise the issue at a later date when he deems it advantageous seems, at best, a dubious proposition. We are, in all events, content to leave the merits of that assertion for adjudication in a case where it would affect the outcome. We do not think such a claim, which necessarily had to be known to the defendant himself when he pled guilty in 1997, is the type of newly-discovered evidence that would avoid a successive-filings bar. In effect, we draw a distinction between newly-discovered evidence, which may not be subjected to the procedural bar, and newlydisclosed evidence that was known to the movant from the inception of the proceeding but, for reasons not apparent on the record, was not disclosed at the time of sentencing. Williams had to be well aware that he had a prior felony conviction when he was being sentenced and when his probation was being revoked in 1997, whether or not the prosecution and the sentencing judge were aware of it. To the extent Williams was entitled to some form of relief for this purported illegal sentence, his entitlement to assert that relief arose immediately upon his incarceration in 1997 and could have been raised in any of the multiple filings the trial court combined for consideration under the post-conviction relief statutes and disposed of in February 1999. The bar against successive filings applies, not only to issues actually determined in a previous post-conviction relief proceeding, but to those issues that could have been raised. Smith v. State, 648 So.2d 63, 66 (Miss. 1994).
¶ 6. There is the alternate argument, not made by Williams but which we acknowledge to exist, that the illegal nature of his sentence adversely affected some right so fundamental to Williams as to require the trial court (and this Court) to ignore any procedural bars and proceed to consider the claim on the merits. See, e.g., Luckett v. State, 582 So.2d 428, 430 (Miss.1991). In this case, Williams received a sentence that, had the full facts been known to the court, he would not have been entitled to receive. Nevertheless, it seems incontrovertible that the opportunity to have one's sentence suspended and thereby remain free from incarceration is a substantial benefit rather than the kind of detriment that touches on an individual's fundamental constitutional rights. The State has done nothing in the post-sentencing period to try to alter or make more harsh Williams's treatment based on the post-sentencing revelation of an Alabama felony conviction. Williams's subsequent incarceration was not attributable to the conviction, but was due solely to Williams's failure to take full advantage of a benefit that, had all the facts been known, he would not have been entitled to receive. This is not the same case as *1061 where the State, learning of a defendant's prior conviction after formally making its sentencing recommendation, seeks to enforce the guilty plea while nevertheless asserting that the defendant is no longer eligible for the recommended sentence. That scenario raises different considerations. This Court recently held that a defendant may withdraw a guilty plea offered in reliance on the State's recommendation for a suspended sentence if the trial court becomes aware of the defendant's ineligibility for such a sentence after plea acceptance but before formal entry of the judgment of sentence and enters a judgment of sentence that includes immediate incarceration. Berry v. State, 800 So.2d 1233 (¶ 11) (Miss.Ct. App.2001). It is a fundamental concept of our justice system that one cannot complain of an alleged error in the law if that person has not been injured by the error. Catholic Diocese of Natchez-Jackson v. Jaquith, 224 So.2d 216, 221 (Miss. 1969). Unless and until the State attempted in some way to deprive Williams of the benefits of his sentence, he has not been adversely affected by the fact that he received a more advantageous sentence than would have been permitted had the full facts of his prior criminal record been known. To hold otherwise would permit a defendant to conceal the fact of his criminal record in another jurisdiction in order to obtain a sentence that includes some form of suspended sentence or probationary release and to hold that prior felony conviction as a reserve weapon to be used only at such time as the defendant, for whatever reason, determines that he no longer desires to operate under the original judgment of sentence. This Court, in a somewhat similar factual situation, has said that an unduly lenient sentence is, in this context, more of a harmless error than one affecting some fundamental right of the defendant. Chancellor v. State, 2000-CP-01245-COA, ___ So.2d ___ (¶ 8), 2001 WL 1122060 (Miss.Ct.App. Sept. 25, 2001).
¶ 7. Though there is language in prior case law to the effect that a judgment of sentence that does not comply with the statutory penalties for a particular crime is void (see, e.g., Lanier v. State, 635 So.2d 813, 816 (Miss.1994)), the Mississippi Supreme Court has made it clear that, in at least some circumstances, the defendant may be permitted to enjoy the benefit of an improperly lenient sentence. That situation arose when the Mississippi Supreme Court found that our Court had erred by noting an impermissibly mild sentence on our own motion and remanding a criminal defendant's appeal to the trial court for the imposition of a statutorily-permitted, and therefore harsher, judgment of sentence. Winston v. State, 754 So.2d 1154, 1157 (¶ 9) (Miss.1999); Lester v. State, 744 So.2d 757, 760 (¶ 9) (Miss.1999).
¶ 8. We, therefore, find that Williams's efforts to raise the existence of his 1991 Alabama felony conviction as a basis to vacate his guilty plea are barred under the provisions of the post-conviction relief statute prohibiting successive filings.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF ITAWAMBA COUNTY DENYING POST CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO ITAWAMBA COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.