MYERS, J„
for the Court.
¶ 1. Roy Adams filed his petition for post-conviction relief claiming he received an illegal sentence. His petition, in the Circuit Court of Hinds County, Honorable W. Swan Yerger presiding, was dismissed as proeedurally barred. Adams now appeals. Finding no merit in his claims, we affirm.
FACTS
¶ 2. Roy Adams pled guilty in 1989 to possession with intent to distribute cocaine. He received a sentence of seven years in the custody of the Mississippi Department of Corrections but was released after successfully completing the RID program. Adams pled guilty in 1990 to a similar charge and was sentenced to ten years with nine years, five months and ten days suspended and five years supervised probation. In the year 2000, Adams filed for post-conviction relief claiming that he received an illegal sentence.
DISCUSSION
¶ 3. A petition for post-conviction relief must be filed within three years of conviction or, in this case, a guilty plea. Miss.Code Ann. § 99-39-5(2) (Supp.2001). Adams has missed his statutory window of opportunity to file his petition for post-conviction relief, as his petition was filed ten years after his plea. In addition, Adams’ assertion that he was harmed by receiving a suspended sentence is incorrect.
[I]t seems incontrovertible that the opportunity to have one’s sentence suspended and thereby remain free from incarceration is a substantial benefit rather than the kind of detriment that touches on an individual’s fundamental constitutional rights.
Williams v. State, 802 So.2d 1058, 1060 (¶ 6) (Miss.Ct.App.2001). It also follows that one must suffer harm before one can complain of an alleged error in the law. Id. at 1061. If any error occurred, it was harmless error as Adams “benefitfted] from an improperly lenient sentence.” Id. at (¶ 7).
¶ 4. The looming question, of course, is why then is Adams still in jail ten years after what he claims is his last guilty plea and sentence? The answer, gleaning what little we can from the sparse record, is that he violated the terms of his suspended sentence agreement less than a year after he made the same. The violation of this agreement landed him in jail with another pending criminal charge. The conviction of that crime, with the logical conclusion that his sentence was probably enhanced *153 due to habitual status, is why he is still incarcerated. The only harm that came to Adams was at his own hand as the result of him being unable to keep himself from selling cocaine while on supervised probation.
¶ 5. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT DISMISSING PETITION FOR POST-CONVICTION RELIEF WITH PREJUDICE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER and BRANTLEY, JJ., concur.