THOMAS, J.,
for the court.
¶ 1. Moses Pleas, pro se, appeals an order of the Circuit Court of Lamar County, Mississippi denying his petition for post-conviction relief. , Aggrieved, Pleas asserts the following issues on appeal:
I. PETITIONER WAS DENIED DUE PROCESS OF LAW WHEN ATTORNEYS REFUSED TO REPRESENT HIM UNDER THE FIFTH AMENDMENT.
II. PETITIONER WAS DENIED EQUAL PROTECTION OF THE LAW AND WAS DENIED THE ABILITY TO PREPARE' HIS CASE UNDER THE FOURTEENTH AMENDMENT.
III. PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.
IV. PLAIN ERROR WAS COMMITTED IN THE PROCESS OF ENTERING A PLEA AND THE APPEAL OF THE PLEA.
Finding no error, we affirm.
PROCEDURAL HISTORY AND FACTS
¶ 2. Moses Pleas pled guilty to fondling in Lamar County Circuit Court and was sentenced on May 7, 1998 to a term of ten years with five years suspended to be served on post-release supervision. Pleas filed a petition for post-conviction relief in the trial court which was denied. This Court affirmed the trial court in Pleas v. State, 766 So.2d 41 (Miss.Ct.App.2000). Pleas filed a second petition for post-conviction relief in the trial court which the trial court denied because it was time-barred and successive. From the second denial, Pleas again appeals to this Court.
ANALYSIS
I. ' WAS PETITIONER DENIED DUE PROCESS OF LAW WHEN ATTORNEYS REFUSED TO REPRESENT HIM UNDER THE FIFTH AMENDMENT?
II. WAS PETITIONER DENIED EQUAL PROTECTION OF THE LAW AND WAS HE DENIED THE ABILITY TO PREPARE HIS CASE UNDER THE FOURTEENTH AMENDMENT?
III. WAS PETITIONER DENIED EFFECTIVE ASSISTANCE OF COUNSEL?
IV. WAS PLAIN ERROR COMMITTED IN THE PROCESS OF ENTERING A PLEA AND THE APPEAL OF THE PLEA?
¶ 3. We combine the issues asserted by Pleas into one issue as follows:
I. DID THE TRIAL COURT ERR IN DENYING PLEAS’S SUCCESSIVE PETITION FOR POST-CONVICTION RELIEF AS TIME-BARRED?
*790 ¶ 4. In Pleas v. State, this Court unanimously affirmed the denial of Pleas’ first petition for post-conviction relief. Effective assistance of counsel was addressed by this Court in that opinion. Pleas, 766 So.2d at 42. The validity of Pleas’s guilty plea was also addressed, and it was found that it was voluntarily, intelligently, and knowingly made. Id. at 43. A valid guilty plea waives any issues raised regarding the waiver of a preliminary hearing. Anderson v. State, 577 So.2d 390, 391 (Miss.1991).
¶ 5. According to section 99-39-23(6) of the Mississippi Code, the denial of relief is “a bar to a second or successive motion(s).” Miss.Code Ann. § 99-39-23(6) (Rev.2000). Although there are exceptions, Pleas has failed to point us to any here. In a petition for post-conviction relief, the petitioner carries the burden of proving that his claim is not procedurally barred, and Pleas has failed to overcome this burden with an exception fitting under the Post-Conviction Relief Act. Lockett v. State, 614 So.2d 888, 893 (Miss.1992). This Court has previously examined the issues he now asserts and found them to be without merit. The lower court did not err in denying Pleas’s petition for post-conviction relief.
¶ 6. THE JUDGMENT OF THE CIRCUIT COURT OF LAMAR COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAMAR COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.