902 So.2d 612 (2004)
Eddie BLACK, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-CP-02694-COA.
Court of Appeals of Mississippi.
November 23, 2004.
Rehearing Denied February 8, 2005.
Certiorari Denied May 26, 2005.
Eddie Black, Appellant, pro se.
*613 Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before BRIDGES, P.J., MYERS and BARNES, JJ.
MYERS, J., for the Court.
¶ 1. On April 16, 1999, the grand jury of Lee County returned two indictments against Eddie Black for the sale and transfer of cocaine. On May 25, 1999, in the Circuit Court of Lee County, Black pled guilty to the sale of controlled substances. Black was sentenced to serve a term of two concurrent twenty year sentences in the custody of the Mississippi Department of Corrections. Twelve years of the first sentence and the entire twenty years of the second sentence were suspended. On July 3, 2003, Black filed a motion for post-conviction relief in the Circuit Court of Lee County. The circuit court denied the motion as being an impermissible second filing for post-conviction relief. Black appeals raising the following three issues:
I. WHETHER BLACK'S SENTENCE WAS IMPROPER.
II. WHETHER BLACK'S INDICTMENT WAS DEFECTIVE.
III. WHETHER BLACK RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
Finding no merit in his claims, we affirm.

STATEMENT OF FACTS
¶ 2. Black was indicted on April 16, 1999, for the sale of a controlled substance and pled guilty to the charges on which he was indicted May 25, 1999. Approximately eight months later, Black filed his first motion for post-conviction relief with the Circuit Court of Lee County. Black's first motion for post-conviction relief was denied by the Circuit Court of Lee County on February 16, 2001. Black subsequently appealed the circuit court's decision to this Court. This Court in the case of Black v. State, 806 So.2d 1162 (Miss.Ct.App.2002), affirmed the decision of the circuit court. On July 3, 2003, Black filed his second motion for post-conviction relief in the Circuit Court of Lee County. This second motion for post-conviction relief was dismissed as an impermissible second filing on August 5, 2003. It is from this dismissal of his second motion for post-conviction relief which Black appeals.

LEGAL ANALYSIS

I. WHETHER BLACK'S SENTENCE WAS IMPROPER.

DISCUSSION
¶ 3. Black argues that the sentence imposed by the Circuit Court of Lee County was improper. It is Black's contention that the circuit court was without authority under Mississippi Code Annotated § 47-7-33 (Rev.2000) to suspend any portion of his sentence, as he is a prior convicted felon. Black's contention rests on a conviction he received at some point between 1962 and 1964 in Chicago, Illinois. Black states that he was convicted of a felony in Chicago at some point during this two year window and sentenced to probation. As was stated previously by this Court, "[w]hether a defendant may maintain his silence regarding a felony conviction in another jurisdiction in order to obtain a suspended sentence but then raise the issue at a later date when he deems it advantageous seems, at best, a dubious proposition." Williams v. State, 802 So.2d 1058, 1060(¶ 5) (Miss.Ct.App.2001). To hold that this sentence is improper would allow defendants the ability to conceal prior convictions to the court, accept the sentence imposed by the trial court, and then have a "free pass" to overturn that sentence if it does not meet the defendant's expectations.
*614 ¶ 4. Though not clear in Black's brief, it appears that he is arguing that his Eighth Amendment right to be free from cruel and unusual punishment was violated. While Black properly contends that Mississippi Code Annotated § 47-7-33(1) (Rev.2000) speaks directly to the sentence which may be imposed on a prior convicted felon, he is mistaken as to its proper application. Mississippi Code Annotated § 47-7-33(1) provides as follows:
When it appears to the satisfaction of any circuit court or county court in the State of Mississippi, having original jurisdiction over criminal actions, or to the judge thereof, that the ends of justice and the best interest of the public, as well as the defendant, will be served thereby, such court, in termtime or in vacation, shall have the power, after conviction or a plea of guilty, except in a case where a death sentence or life imprisonment is the maximum penalty which may be imposed or where the defendant has been convicted of a felony on a previous occasion in any court or courts of the United States and of any state or territories thereof, to suspend the imposition or execution of sentence, and place the defendant on probation as herein provided, except that the court shall not suspend the execution of a sentence of imprisonment after the defendant shall have begun to serve such sentence. In placing any defendant on probation, the court, or judge, shall direct that such defendant be under the supervision of the Department of Corrections.
¶ 5. Rather than having thirty-two years of his forty-year sentence suspended, had the trial court been aware of his previous felony, Black would have received the entire sentence. Black received one-fifth of the sentence which should have been imposed; this can hardly be said to constitute a cruel and unusual punishment. This Court has previously held that when one receives a suspended sentence, the portion which is suspended acts as a benefit to that individual and therefore does not infringe on that person's fundamental constitutional rights. Williams, 802 So.2d at 1060(¶ 6). "The law that states that there is a fundamental right to be free from an illegal sentence is interpreted to apply to sentences which cause the defendant to endure an undue burden rather than the luxury of a lesser sentence." McGleachie v. State, 800 So.2d 561, 563(¶ 4) (Miss.Ct. App.2001).
¶ 6. Lastly, in accordance with Mississippi Code Annotated § 99-39-23(6) (Rev.2000), Black's appeal is barred as a successive writ. Black's first motion for post-conviction relief was denied on February 16, 2001. Mississippi Code Annotated § 99-39-23(6) provides that "[t]he order as provided in subsection (5) of this section or any order dismissing the prisoner's motions or otherwise denying relief under this chapter is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this chapter." (emphasis added). On July 3, 2003, Black filed his second petition for post-conviction relief which was properly dismissed on August 5, 2003, in accordance with Mississippi Code Annotated § 99-39-23(6). Therefore, we find this issue to be without merit.

II. WHETHER BLACK'S INDICTMENT WAS DEFECTIVE.

III. WHETHER BLACK RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
¶ 7. The remaining two issues were discussed in this Court's first opinion and will not be revisited. Black v. State, 806 So.2d 1162 (Miss.Ct.App.2002). The decision of the Circuit Court of Lee County regarding these two issues is affirmed.
*615 ¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY DISMISSING MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.