BARNES, J.,
for the Court.
¶ 1. Jonathan Curtis Burnett pled guilty in the Circuit Court of Lowndes County to a charge of armed robbery and was sentenced to twenty years in the custody of the Mississippi Department of Corrections. After filing two unsuccessful motions for post-conviction relief, he filed a third which the trial court dismissed as a successive writ. From this dismissal, Burnett appeals. Finding no error, we affirm.
SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2. On November 28, 2000, Jonathan Curtis Burnett entered a guilty plea in the Circuit Court of Lowndes County to a charge of armed robbery. The circuit court conducted a hearing to determine whether entry of the guilty plea was a voluntary act by Burnett. The court found it to be so, and Burnett admitted to robbing the Penny Ridge Grocery Store in Columbus at gunpoint on May 10, 2000.
¶ 3. After the guilty plea was accepted, Burnett’s appointed counsel, Thomas Kes-ler, asked that Burnett be sentenced at a later date so that Kesler could search for any mitigating factors such as Burnett possibly testifying against a co-defendant, James Strickland, who was still on the run. The court delayed sentencing until November 21, 2001, when Burnett requested to be sentenced. The record does not reflect whether Strickland was caught or if Burnett testified against him.
¶ 4. At the sentencing hearing, the court asked both the State and the defense attorney for any mitigating factors before sentencing Burnett. His new court-appointed attorney, Gary Goodwin, called Burnett to the stand in mitigation. Burnett asked the court to show mercy because at the time of the robbery he was using drugs and alcohol and was not in his “right mind” and because he was only seventeen at the time df the armed robbery. The district attorney told the court that Burnett was awaiting trial in Alabama on a murder charge and had a juvenile conviction of arson and carrying a concealed weapon “so there is not much mitigation for this gentleman.” The judge *224 sentenced Burnett to twenty years in the custody of the Mississippi Department of Corrections. Had he gone to trial and been found guilty, Burnett could have been sentenced, by a jury, to life in prison without the possibility of parole. See Miss. Code Ann. § 97-3-79 (Rev.2000).
¶ 5. Burnett began his post-conviction filings on February 6, 2003, when he filed a motion for production of records. Noting that the motion was not one for post-conviction relief, the circuit court held Burnett’s motion was barred by Fleming v. State, 553 So.2d 505, 506 (Miss.1989), which holds that when a prisoner pleads guilty neither the post-conviction collateral relief statutes nor any other law gives him the right to institute an independent, original action for a free transcript or other documents. By pleading guilty the prisoner forgoes his right of a direct appeal and its attendant free copy of the transcript. Id. at 507. Instead a prisoner may secure such documents as part of the discovery proceedings under the post-conviction collateral relief statute, Miss.Code Ann. Section 99-39-15 (Rev.2000), after making a specific showing of his need for the trial record. Id. at 508.
¶ 6. On April 18, 2003, Burnett filed a petition for post-conviction collateral relief alleging ineffective assistance of counsel and involuntary guilty plea. On September 2, 2003, the trial court dismissed the motion without the necessity of conducting a hearing. Burnett did not appeal from this dismissal order.
¶ 7. Not to be thwarted, on February 24, 2004, Burnett filed a second post-conviction collateral relief petition to reduce his sentence, which the court again dismissed without the necessity of a hearing.
¶ 8. Undeterred, Burnett filed a third post-conviction collateral relief motion on October 5, 2004, again claiming ineffective assistance of counsel centering around an alleged conversation wherein Burnett’s first court-appointed attorney, Kesler, informed him of a conflict of interest due to the attorney’s friendship with the people at Penny Ridge Grocery where the robbery occurred. Kesler allegedly told Burnett that because of this conflict, Kesler was asking the court to allow him to withdraw as Burnett’s attorney. Burnett claims the court denied this motion. The only evidence of this alleged conversation and alleged action by the court is a sworn affidavit of Burnett attached to his motion. No transcription of the record of the August 14, 2000, hearing was designated by Burnett to be a part of the appeal record. There are no docket entries showing that Kesler asked the court to remove him as the court-appointed counsel or showing that the court denied the motion. Interestingly in his brief to this Court, Burnett appears to abandon the conflict of interest claim stating instead that Kesler was taken off his case because he “got elected for judge.”
¶ 9. On November 15, 2004, the circuit court dismissed Burnett’s third post-conviction relief petition as “a frivolous filing” which did not require a hearing and was barred as a successive writ.
¶ 10. On February 24, 2005, the circuit court entered an order allowing Burnett to appeal the November 15, 2004 denial of post-conviction relief.
STANDARD OF REVIEW
¶ 11. In reviewing a trial court’s decision to deny a petition for post-conviction relief, this Court will not reverse such a denial absent a finding that the trial court’s decision was clearly erroneous. Kirksey v. State, 728 So.2d 565, 566(¶ 8) (Miss.1999). However, where questions of law are raised, the standard of review is de novo. Rice v. State, 910 So.2d 1163, 1164- *225 5(¶ 4) (Miss.Ct.App.2005). The trial court’s obligation is to review the original motion and all files, records, transcriptions and correspondence relating to the judgment under attack so that the allegations may be resolved. Miss.Code Ann. § 99-39-11(1) (Rev.2000). The burden is upon the petitioner to prove by a preponderance of the evidence that he is entitled to the requested post-conviction relief. Miss. Code Ann. § 99-39-23(7) (Rev.2000). If it plainly appears on the face of the motion, any annexed exhibits and from the prior proceedings that the petitioner is not entitled to relief, then the court may dismiss the motion. Miss.Code Ann. § 99-39-11(2) (Rev.2000). Any order of the court denying relief under the post-conviction collateral relief act is a final judgment and is conclusive until reversed. Miss.Code Ann. § 99-39-23(6) (Rev.2000).
ISSUE AND ANALYSIS
¶ 12. The issue on appeal is whether the trial court was correct when it dismissed Burnett’s petition as a successive writ pursuant to Mississippi Code Annotated Section 99-39-23(6), which provides that an order of dismissal shall be a bar to a second or successive motion challenging the same conviction or sentence. Black v. State, 902 So.2d 612, 614(¶6) (Miss.Ct.App.2004).
¶ 13. Burnett tries to frame his issue on appeal as lack of effective assistance of counsel. However, we need not consider the merits of this issue as Burnett’s first claim of ineffective assistance of counsel was considered and rejected by the circuit court below on September 2, 2003. Burnett took no appeal from that ruling, but instead filed two additional petitions for post-conviction relief.
¶ 14. The record is unequivocal that Burnett filed a post-conviction collateral relief petition on April 18, 2003, alleging ineffective assistance of counsel and involuntary guilty plea. On September 2, 2003, the trial court rejected the petition and dismissed it. On October 5, 2004, Burnett filed another post-conviction relief petition alleging again ineffective assistance of counsel which the trial court dismissed as a successive writ. It is clear from the incontrovertible proof that the trial court was correct in its ruling that the October 5, 2004 filing was barred by the September 2, 2003 decision.
¶ 15. Burnett might defeat the successive writ bar if he is able to show (1) that there has been an intervening decision by either the United States Supreme Court or the Mississippi Supreme Court which would actually adversely affect the outcome of his conviction or sentence; (2) that newly discovered evidence not reasonably discoverable at the time of trial which had it been introduced would have caused a different result or (3) if Burnett can show that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Miss.Code Ann. § 99-39-23(6).
¶ 16. Burnett has not cited us to any intervening decisions of the U.S. Supreme Court or the Mississippi Supreme Court which affected in any way his conviction or sentence. Burnett makes no claim of newly discovered evidence that would have brought a different result. Instead his claimed proof of ineffective assistance of counsel is all proof which was available at the time he entered his guilty plea, at the time he was sentenced and at the time he filed his first petition for post-conviction relief. The only support Burnett offers is his own affidavit. For post-conviction relief, an inmate does not support his claim of ineffective assistance of counsel with sufficient proof by offering only his own affidavit. Vielee v. State, 653 So.2d 920, 922 (Miss.1995); King v. State, *226 828 So.2d 825, 826 (¶ 7) (Miss.Ct.App.2002). Thus Burnett has failed to qualify under the second exception. Finally Burnett makes no claim regarding his sentence, probation, parole or conditional release. Thus, none of the exceptions to the successive writ bar apply to Burnett.
¶ 17. We find no error in the trial court’s dismissal of Burnett’s post-conviction collateral relief petition.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, ISHEE AND ROBERTS, JJ., CONCUR.