SOUTHWICK, J.,
for the Court.
¶ 1. This is an appeal from the dismissal of the motion for post-conviction relief. This is the fourth motion for post-conviction relief that the petitioner has filed subsequent to his guilty plea. We find this motion to be barred for several reasons and affirm its dismissal.
FACTS
¶ 2. On May 21, 2002, William Taylor pled guilty in Lowndes County Circuit Court to the charge of burglary. He was sentenced to twenty-five years of imprisonment. The appellate record does not contain pleadings and orders that predate these post-conviction proceedings. The date of the guilty plea is stated in Taylor’s brief. A copy of the docket for Taylor’s various post-conviction motions is in the record. Taylor filed motions on November 19, 2002; September 15, 2004; and December 29, 2004. Each was denied. Taylor failed to perfect an appeal on his first three motions. Taylor filed his current *375 motion for post-conviction relief on June 1, 2005, which was dismissed on August 26, 2005. Taylor argues that his plea was involuntary, that he received an excessive sentence, that the prosecutor breached the plea agreement, and ineffective assistance of counsel.
DISCUSSION
¶ 3. Taylor’s motion is time-barred since he apparently filed it more than three years after his conviction. We do not have clear record evidence of the date of his conviction, and we base this conclusion on Taylor’s assertions in his brief. A motion for post-conviction relief must be made within three years of a guilty plea with a few statutorily defined exceptions, none of which are applicable here. Miss. Code Ann. § 99-39-5 (Supp.2005). We might seek better evidence of the date of conviction except there is another bar to Taylor’s motion.
¶ 4. Taylor’s current motion is barred as a successive writ. Miss.Code Ann. § 99-39-27(9) (Supp.2005). A prisoner receives one opportunity to bring his complaints concerning a final conviction. Any issues brought or which could have been raised in previous motions are barred from a subsequent motion. Williams v. State, 802 So.2d 1058, 1060 (Miss.Ct.App.2001). Taylor’s arguments have been examined to ensure that no statutory exceptions apply and no fundamental constitutional violations exist. We find no fundamental error that survives this procedural defect.
¶ 5. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.