648 So.2d 63 (1994)
Willie Albert SMITH
v.
STATE of Mississippi.
No. 93-DP-00670.
Supreme Court of Mississippi.
December 21, 1994.
Percy Stanfield, Stanfield Carmody Coxwell & Clark, Jackson, John J. Kenney, Brad N. Friedman, David E. Massengill, Simpson Thacher & Bartlett, New York City, for appellant.
Michael C. Moore, Atty. Gen., Marvin L. White, Jr., Asst. Atty. Gen., Charlene R. Pierce, Sp. Asst. Atty. Gen., Jackson, for appellee.
EN BANC.

ON MOTION AND APPLICATION FOR A LIFE SENTENCE, OR IN THE ALTERNATIVE, FOR A NEW SENTENCING HEARING
HAWKINS, Chief Justice, for the court:

I. PROCEDURAL HISTORY
On July 30, 1981, Willie Albert Smith was convicted of capital murder and sentenced to death pursuant to jury verdict in the Circuit Court of Hinds County. His conviction and sentence was affirmed and petition for rehearing denied by this Court. Smith v. State, 419 So.2d 563 (Miss. 1982). On March 21, 1983, Smith's petition for certiorari to the United States Supreme Court was denied. Smith v. Mississippi, 460 U.S. 1047, 103 S.Ct. 1449, 75 L.Ed.2d 803 (1983).
On April 27, 1983, Smith filed his motion in this Court for leave to file a petition for a writ of error coram nobis. The motion and a petition for rehearing were denied. Smith v. State, 434 So.2d 212 (Miss. 1983).
In December, 1983, Smith filed another motion in this Court for leave to file a petition for writ of error coram nobis on the ground that two eyewitnesses for the State perjured themselves at trial. The motion was granted and the cause remanded to the Circuit Court for an evidentiary hearing. In Re Smith, 457 So.2d 911 (Miss. 1984). The Hinds County Circuit Court heard, considered, *64 and denied the petition. On appeal the judgment of the Circuit Court was affirmed. Smith v. State, 492 So.2d 260 (Miss. 1986).[1]
In August, 1985, Smith filed his motion in this Court for leave to seek post-conviction collateral relief. We denied the motion. Smith v. State, 500 So.2d 973 (Miss. 1986).
Smith also filed a petition for habeas corpus in the United States District Court for the Southern District of Mississippi. The petition was denied. Smith v. Thigpen, 689 F. Supp. 644 (S.D.Miss. 1988). On appeal, the Fifth Circuit Court of Appeals affirmed the district court's decision. Smith v. Black, 904 F.2d 950 (5th Cir.1990).

II. PRESENT PROCEEDINGS
On July 30, 1989, Smith filed in this Court his application for leave to file a motion for post-conviction collateral relief in the Circuit Court of Hinds County and his motion to vacate and set aside his death sentence and remand the cause for a new sentencing hearing or, alternatively, to set aside the death sentence and sentence him to life imprisonment without parole. Smith maintains that during the sentencing phase of his trial the court permitted the jury to consider whether the murder was "especially heinous, atrocious or cruel" without affording the jury further guidance concerning the meaning of this aggravating circumstance, contrary to and in violation of the demands of the Eighth and Fourteenth Amendments of the United States Constitution. He contends that Maynard v. Cartwright, 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988), and Clemons v. Mississippi, 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990), are intervening decisions within the meaning of Miss. Code Ann. § 99-39-27(9) (Supp. 1990). The State's response does not deny the factual occurrence.

III. CONCLUSION
Smith's present application and motion are controlled by Wilcher v. State, 635 So.2d 789 (Miss. 1993); Wiley v. State, 635 So.2d 802 (Miss. 1993); and Woodward v. State, 635 So.2d 805 (Miss. 1993). Pursuant to those decisions, Smith's motion for a life sentence is denied. His application for leave to file a motion in the trial court to vacate his death sentence and his motion to vacate his death sentence are granted and the cause is remanded to the Circuit Court of the First Judicial District of Hinds County for a new sentencing hearing.
SMITH'S MOTION AND APPLICATION FOR A LIFE SENTENCE, OR IN THE ALTERNATIVE, FOR A NEW SENTENCING HEARING GRANTED. CAUSE REMANDED TO THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY FOR A NEW SENTENCING HEARING.
PRATHER, P.J., and SULLIVAN, PITTMAN and BANKS, JJ., concur.
DAN M. LEE, P.J., dissents with separate written opinion joined by SMITH, J.
McRAE, J., dissents with separate written opinion joined by DAN M. LEE, P.J., and JAMES L. ROBERTS, Jr. and SMITH, JJ.
SMITH, J., dissents with separate written opinion joined by JAMES L. ROBERTS, Jr., J.
DAN M. LEE, Presiding Justice, dissenting:
Under Clemmons v. Mississippi, 494 U.S. 738, 751-54, 110 S.Ct. 1441, 1450-51, 108 L.Ed.2d 725, 741-42 (1990), an appellate court in a weighing state can affirm a death sentence "tainted" by a vague aggravating instruction as to the especially heinous, atrocious or cruel circumstances of the homicide so long as the court finds that the vague aggravating instruction constituted harmless error beyond a reasonable doubt. Id., at 753-54, 110 S.Ct. at 1451, 108 L.Ed.2d at 741 (relying on Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705, 710-11 (1967)).
Consistent with my dissenting opinions in Irving v. State, 618 So.2d 58, 63-64 (Miss. 1992), Wilcher v. State, 635 So.2d 789, 801 *65 (Miss. 1993), and Wiley v. State, 635 So.2d 802, 805 (Miss. 1993), I believe this is also a proper case for this Court to find that the vague aggravating instruction concerning especially heinous, atrocious or cruel circumstances of the homicide as defined in Clemmons, was, at the most, harmless error beyond a reasonable doubt. Therefore, I would deny Smith's Motion to Vacate the Death Penalty.
SMITH, J., joins this opinion.
McRAE, Justice, dissenting:
Smith is procedurally barred. Accordingly, I dissent.
Smith's guilty verdict and death sentence was affirmed on appeal before Mississippi's legislature passed the Post-Conviction Relief Act in 1984, and he, on his first go-around, argued that the Act did not apply to him. We, however, dismissed this argument and held that it indeed did apply prospectively to those convicted before its passage. Smith v. State, 500 So.2d 973, 975 (Miss. 1986). As can be seen from the majority's rendition of this case's procedural history, Smith has already once unsuccessfully filed with this Court a motion for leave to seek post-conviction collateral relief. He now relies on Miss. Code Ann. § 99-39-27 (Supp. 1989) which excepts a convicted criminal's first application under the Post-Conviction Relief Act from being a final judgment:
The dismissal or denial of an application under this section is a final judgment and shall be a bar to a second or successive application under this chapter ... [E]xcepted from this prohibition are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the supreme court of either the state of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence.
Miss. Code Ann. § 99-39-27 (Supp. 1989). Smith conveniently overlooks Miss. Code Ann. § 99-39-21(1), which provides:
Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred ...
Miss. Code Ann. § 99-39-21(1) (Supp. 1989) (emphasis added). Instruction S-4, the instruction that Smith now questions, was at issue on his direct appeal. The instruction allowed the jury to determine, judging from the evidence, if any of the following aggravating circumstances existed:
1. The capital murder was committed while the defendant was engaged in the commission of robbery;
2. The capital murder was committed for pecuniary gain;
3. The capital murder was especially heinous, atrocious or cruel.
Smith's counsel on direct appeal only attacked the second portion of Instruction S-4. Smith v. State, 419 So.2d 563, 568 (Miss. 1982). In that appeal, this Court noted that defense counsel's general objection was not sufficient:
BY MR. GREGG:
If the Court please, for purposes of the record, I would object to it [S-4] because I don't think that has been proven beyond a reasonable doubt. I just make that for record purposes.
Obviously the defense objection made at the trial level was not on the same ground here argued, and ordinarily cannot on appeal be ground for reversal upon a different ground from that asserted below. Daumer v. State, 381 So.2d 1014 (Miss. 1980). Nevertheless, we have specifically upheld the instruction now attacked, and we can find no merit to the present argument. Voyles v. State, 362 So.2d 1236 (Miss. 1978); Bell v. State, 360 So.2d 1206 (Miss. 1978).
*66 Smith v. State, 419 So.2d 563, 568 (Miss. 1982). Defense counsel never objected to section three of the instruction when the opportunity presented itself. Although Miss. Code Ann. § 99-39-27 (Supp. 1989) does allow a criminal defendant to bring a second post-conviction relief motion upon the showing that there exists an intervening decision by the Supreme Court which would have adversely affected the outcome of his conviction or sentence, it is of no consequence because Smith never addressed the "especially heinous, atrocious, or cruel" argument in his direct appeal to this Court. Mississippi Code Ann. § 99-39-27 (Supp. 1989) only is applicable after it is established that the criminal defendant addressed the issue in his direct appeal. Accordingly, Smith should now be barred from bringing a second action. This Court has opined:
We have consistently held that failure to raise an issue capable of resolution at trial or on direct appeal constitutes a waiver of that claim absent a showing of cause and actual prejudice. See, e.g., Billiot v. State, 478 So.2d 1043, 1045 (Miss. 1985).
Smith v. State, 500 So.2d 973, 975 (Miss. 1986).
It should be recognized that a case must come to an end at some reasonable time. This case originated on appeal in September of 1982, and it is now time for this appeal to become final.
Recognizing that there must be finality and an end at some reasonable time to litigation in criminal cases, the legislature adopted the act to revise, streamline and clarify the rules and statutes pertaining to post-conviction collateral relief law and procedures, to resolve any conflicts therein and to provide the courts of this state with an exclusive and uniform procedure for the collateral review of convictions and sentences.
Evans v. State, 485 So.2d 276, 280 (Miss. 1986). Therefore, Smith's post-conviction relief motion should be denied as procedurally barred.
DAN M. LEE, P.J., and JAMES L. ROBERTS, Jr. and SMITH, JJ., join this opinion.
SMITH, Justice, dissenting:
This case is procedurally barred. Additionally, consistent with my dissents in Wilcher v. State, 635 So.2d 789 (Miss. 1993), Wiley v. State, 635 So.2d 802 (Miss. 1993), and that applicable part in Woodward v. State, 635 So.2d 805 (Miss. 1993), all of which involve the same question as the case at bar, I respectfully dissent here for the same reasons and adopt my dissent in Wilcher, supra.
JAMES L. ROBERTS, Jr., J., joins this opinion.
NOTES
[1] The basis for affirmance rested on the adduced evidence which established that there was no reasonable probability that a different result would be rendered if a new trial was had without false in-court identification.