913 So.2d 993 (2005)
Arvin Dale ROCHELL, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2004-CP-00455-COA.
Court of Appeals of Mississippi.
March 15, 2005.
Rehearing Denied July 26, 2005.
Certiorari Denied October 27, 2005.
Arvin Dale Rochell, Appellant, pro se
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before KING, C.J., IRVING and BARNES, JJ.
KING, C.J., for the Court.
¶ 1. Arvin Dale Rochell has appealed an order denying post-conviction relief entered by the Circuit Court of Calhoun County, Mississippi. On January 11, 1994, Rochell pled guilty to charges of murder and arson. On the murder charge, he was sentenced to serve a term of life imprisonment in the custody of the Mississippi Department of Corrections. On the arson charge, Rochell was sentenced to serve a term of twenty years in the custody of the Mississippi Department of Corrections, to run concurrently with the murder sentence.
¶ 2. According to Rochell v. State, 748 So.2d 103 (¶¶ 1-3) (Miss.1999), Rochell filed a petition for post-conviction relief on December 10, 1996, which was denied. In that petition, Rochell alleged that "(1) his statements to the police were involuntary *994 and should have been suppressed; (2) his constitutional right to a speedy trial was violated; (3) his convictions for both murder and the underlying felony of arson constituted double jeopardy; (4) his indictment was defective; (5) his right to effective assistance of counsel was violated; and, (6) his guilty plea was not voluntarily, intelligently, and knowingly entered." An evidentiary hearing was held on the voluntariness of his plea. At that hearing, the court denied Rochell's request for relief. On January 23, 2004, Rochell filed another post-conviction relief request, which was denied as well.
¶ 3. On February 26, 2004, Rochell filed a motion for summary judgment. On March 17, 2004, the trial court entered an order denying Rochell's motion. Rochell now appeals the denial of his requested relief.
¶ 4. Pursuant to Mississippi Code Annotated Section 99-39-5(2) (Rev.2000), post-conviction relief requests are required to be filed within three years after the entry of judgment or conviction. Exceptions to this three year limitation are: (1) cases in which the prisoner can show that there has been an intervening decision of the Mississippi or United States Supreme Court which would adversely affect the outcome of his conviction, (2) cases in which he has new evidence, not discoverable at trial, that would have caused a different result in conviction or sentence, or (3) cases in which the prisoner claims his sentence has expired or his probation, parole or conditional release has unlawfully been revoked. The supreme court has also noted that "errors affecting fundamental constitutional rights, such as the right to a legal sentence, may be excepted from procedural bars which would otherwise prevent their consideration." Ivy v. State, 731 So.2d 601(¶ 13) (Miss.1999).
¶ 5. Rochell has failed to establish that he has met any one of the above exceptions.
¶ 6. A person who requests post-conviction relief is obligated to place before the Court all claims known to him and/or of which he should have had knowledge. Smith v. State, 648 So.2d 63, 66 (Miss.1994); Williams v. State, 802 So.2d 1058(¶ 5) (Miss.Ct.App.2001). The failure to do so results in a loss of his claims as a second or successive motion. Smith v. State, 500 So.2d 973, 975 (Miss.1986). There are no claims which Rochell attempts to place before this Court, which could not have been included in the earlier request for post-conviction relief.
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF CALHOUN COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CALHOUN COUNTY.
BRIDGES AND LEE, PJJ., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.