910 So.2d 1163 (2005)
David Lee RICE, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-CP-02346-COA.
Court of Appeals of Mississippi.
April 5, 2005.
Rehearing Denied June 14, 2005.
Certiorari Denied September 8, 2005.
*1164 David Lee Rice, Appellant, pro se.
Office of the Attorney General by W. Daniel Hinchcliff, attorneys for appellee.
BEFORE KING, C.J., IRVING and BARNES, JJ.
IRVING, J., for the Court.
¶ 1. David Lee Rice pleaded guilty on June 12, 1991, to burglary of a dwelling and was sentenced to serve a term of four years in the custody of the Mississippi Department of Corrections to run concurrently with the sentence that he was currently serving. On August 28, 2003, Rice filed a motion for post-conviction relief to vacate and set aside what he characterized as a prior illegal conviction and sentence. The trial court, finding that the sentence had expired in 1995 and that Rice had the benefit of a more lenient sentence for which he did not complain at the time of its imposition, denied Rice's motion for post-conviction relief. The trial court also held that Rice's motion was procedurally barred by Mississippi Code Annotated Section 99-39-5 (Supp.2004) because it was not filed within three years of his guilty plea.
¶ 2. Aggrieved by this decision, Rice now appeals, asserting the following issues: (1) whether he was denied fundamental due process when he was sentenced to a term to be served concurrent with a previous sentence imposed by another court during a prior term, (2) whether he was denied due process of law when he was convicted of a charge in violation of his constitutional right to a speedy trial, and (3) whether his sentence, which was to be served concurrently with another sentence, was illegal.
¶ 3. Finding no error, we affirm the decision of the trial court.

STANDARD OF REVIEW
¶ 4. Our standard of review of a trial court's denial of post-conviction relief is well-settled. "When reviewing a lower court's decision to deny a petition for post-conviction relief, [an appellate court] will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised the applicable standard of review is de novo." Brown v. State, 731 So.2d 595, *1165 598(¶ 6) (Miss 1999) (citing Bank of Mississippi v. Southern Mem'l Park, Inc., 677 So.2d 186, 191 (Miss.1996)).

ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 5. Rice assigns several issues for resolution. However, none of these issues were passed upon by the trial court. The trial court determined that Rice could not maintain the motion for post-conviction relief because he was not presently incarcerated under the sentence about which his complaint was being made and because his petition was filed more than three years following his conviction on a plea of guilty. Since we determine that the trial court was correct in its ruling, we likewise decline to address the issues raised by Rice. However, we note, as does the State in its brief, that Rice has not complied with the procedural requirements, as set forth in Section 99-39-9 of the Mississippi Code of 1972 as amended, for the filing a motion for post-conviction relief. Second, a mere allegation that a prisoner has received an illegal sentence does not necessarily remove the three-year procedural bar for filing a motion for post-conviction relief.
¶ 6. Rice's allegation that his burglary sentence was illegal is premised solely on the fact that his burglary sentence was made to run concurrently with another sentence, allegedly imposed by another court during a prior court term. He argues that such a sentence was illegal because at the time of its imposition, Mississippi trial courts were without authority to give such concurrent sentences. He also argues that such concurrent sentence is tantamount to a suspended sentence and that a suspended sentence could not be legally given to him because he was already a prior convicted felon.
¶ 7. While Rice's assertion that his sentence was made to run concurrently with a sentence imposed by another court during a prior term may indeed be correct, it finds no support in the record, other than Rice's own assertion. But even if Rice had properly supported his allegations with record documentation, and if we were to address the issues he raises, we, based upon our holdings in Graves v. State, 822 So.2d 1089 (¶¶ 8, 11) (Miss.Ct. App.2002) and; McGleachie v. State, 800 So.2d 561(¶ 4) (Miss.Ct.App.2001), would find his allegations respecting the illegality of his sentence to be without merit. Likewise, his allegation that he was convicted in violation of his constitutional right to a speedy trial would also be found to be without merit, as a guilty plea waives speedy trial violations. Reeder v. State, 783 So.2d 711, 720(¶ 36) (Miss.2001) (holding that "a valid guilty plea admits all elements of a formal charge and operates as a waiver of all non-jurisdictional defects contained in the indictment or information against the defendant").
¶ 8. As previously noted, on June 12, 1991, Rice, pursuant to a guilty plea, was convicted of burglary. On August 28, 2003, he filed his post-conviction relief motion in which he attacked his 1991 burglary conviction and sentence. Pursuant to Mississippi Code Annotated Section 99-39-5(2) (Supp.2004), Rice's motion is time barred since it was not filed within three years of the entry of the judgment of conviction. Furthermore, Rice's burglary sentence expired in 1995; therefore, Rice is not "in custody under a sentence [imposed by] a court of record of this state" which is a prerequisite to maintaining a motion for post-conviction relief. Miss. Code Ann. § 99-39-5(1) (Supp.2004).
¶ 9. The language in Section 99-39-5(1) clearly indicates that in order to take advantage of the post-conviction laws, a person must be currently incarcerated for the *1166 crime for which he was convicted by a Mississippi court. Shaw v. State 803 So.2d 1282, 1284(¶ 7) (Miss.Ct.App.2002).
¶ 10. This court has previously held in Phillips v. State, 856 So.2d 568, 570(¶ 5) (Miss. Ct. App 2003), that "our post-conviction relief statutes are available only to those serving a sentence for the crime for which they were convicted by a Mississippi court of record." At the time of filing his motion for post-conviction relief, Rice was no longer incarcerated for the crime, the conviction of which formed the basis for his motion for post-conviction relief. Therefore, Rice was not entitled to maintain a motion for post-conviction relief. Accordingly, we affirm the decision of the trial court denying relief.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.