949 So.2d 60 (2006)
John Griffin BOWIE, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-CP-00345-COA.
Court of Appeals of Mississippi.
June 27, 2006.
Rehearing Denied November 14, 2006.
*61 John Griffin Bowie, appellant, pro se.
Office of the Attorney General by Charles W. Maris, Attorney for Appellee.
Before MYERS, P.J., IRVING and ROBERTS, JJ.
ROBERTS, J., for the Court.
¶ 1. John Griffin Bowie, pro se, appeals a decision of the Circuit Court of Harrison County dismissing his successive motion for post-conviction relief.
¶ 2. Finding no error, we affirm.

PROCEDURAL HISTORY AND FACTS
¶ 3. Bowie was indicted as a habitual offender on September 2, 2002. The indictment itself listed three previous convictions detailing dates, cause numbers, crimes committed and sentences given. On September 15, 2003, Bowie entered his petition to enter an open plea of guilty to the charge of burglary of a dwelling. Within his petition, Bowie was advised of the minimum and maximum possible sentences, three years and twenty-five years, respectively, and the fact that he was pleading guilty as a habitual offender. Additionally, Bowie admitted to and listed his several previous convictions of burglary and attempted burglary, totaling six in all since 1981. Pursuant to his guilty plea, Bowie was sentenced to ten years in the custody of the Mississippi Department of Corrections.
¶ 4. Following sentencing, Bowie filed a petition for post-conviction collateral relief on November 19, 2003. His sole claim of fault was that he was not afforded a speedy trial, and, after explaining Bowie's guilty plea waived his right to a speedy trial and satisfying itself that Bowie's guilty plea was, in fact, voluntarily given, the Circuit Court of Harrison County denied his post-conviction petition on June 15, 2004. In turn, Bowie filed his "Motion for Second or Successive Petitions" on March 28, 2005. Said motion was summarily dismissed as a successive writ in accordance with Mississippi Code Annotated § 99-39-23. Aggrieved by this decision, Bowie now appeals.

STANDARD OF REVIEW
¶ 5. A trial court's decision to deny a petition for post-conviction relief should only be overturned if the trial court's decision was clearly erroneous. Kirksey v. State, 728 So.2d 565(¶ 8) (Miss.1999). However, the appropriate standard of review for questions of law is de novo. Rice v. State, 910 So.2d 1163(¶ 4) (Miss. Ct. App 2005).

ANALYSIS
¶ 6. Bowie's arguments are that his habitual offender status was never proven in court and that new evidence has surfaced that would save his successive petition pursuant to Mississippi Code Annotated section 99-39-23(6). An order dismissing a prisoner's post-conviction relief motion is a final judgment and is conclusive unless reversed. Mississippi Code Annotated Section 99-39-23(6) (Supp. 2004). Additionally, said order shall act as a bar to any successive motions governed by Chapter 39. Id. Several exceptions apply to this general bar on successive petitions. The first concerns the prisoner's state of insanity prior to the execution of a death sentence. Id. Secondly, a successive motion is allowed if the prisoner can show an intervening decision of either *62 the supreme court of Mississippi or the Supreme Court of the United States that would have adversely affected the outcome of his conviction or sentence. Id. The third exception requires the prisoner to show that either his sentence has expired or his parole, probation or conditional release has been unlawfully revoked. Id. Lastly, if the prisoner can bring to light "evidence, not reasonably discoverable at the time of trial, which is of such a nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence." Id.
¶ 7. These statutory rules have been echoed by this Court. A prisoner requesting post-conviction relief must place before the court all facts and issues that are known, or should be known, at the time of the petition. Rochell v. State, 913 So.2d 993(¶ 6) (Miss.Ct.App.2005). Failure to do so results in a loss of the claims. Id. Bowie's first attempt at post-conviction relief was properly denied and not followed by any attempt to appeal the decision. As such, and in accordance with section 99-39-23(6), the June 15, 2004 order denying said motion is the final judgment. Subsequently, Bowie's second attempt at post-conviction relief is barred unless one of the exceptions detailed above allows further consideration of Bowie's post-conviction woes. Bowie argues several times throughout his brief, reply brief, and supplemental reply brief that the prosecution failed to introduce proper evidence of his prior convictions, and, as such, he was improperly sentenced as a habitual offender.[1] Under these facts, the first three exceptions listed neither apply nor were plead by Bowie. The last exception, concerning new evidence not reasonably discoverable at trial, while plead, is not appropriate under the facts presented in the case at hand. All of the facts and evidence Bowie presents in support of his attempt to receive post-conviction relief under a successive petition were known at the time of his first petition for post-conviction relief. Accordingly, the final exception does not apply and Bowie's successive petition was rightfully dismissed.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY DISMISSING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.
NOTES
[1] We feel it is important to stress that the sentence Bowie received was not in accordance with the statutory requirements of Mississippi Code. Annotated section 99-19-81, but actually more lenient than it legally should have been. Bowie entered an open plea to burglary of a dwelling as a habitual offender under Mississippi Code Annotated section 99-19-81. As the language of section 99-19-81 makes clear, the trial court had no sentencing discretion because, as was clearly stated on Bowie's open plea, the maximum sentence, which section 99-19-81 mandates must be given, for burglary of a dwelling was twenty-five (25) years. Additionally, we are at a loss concerning Bowie's motivations and expectations surrounding his successive petition attempting to cast doubt on the habitual offender status he voluntarily plead guilty to, which, given the underlying offense, should have statutorily required a sentence of twenty-five (25) years.