BARNES, J.,
for the Court.
¶ 1. Curtis Lance Doss, proceeding pro se, appeals the Circuit Court of Clay County’s dismissal of his motion for post-conviction relief. Finding no error, we affirm.
SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2. Curtis Doss pled guilty to the charge of robbery in violation of Mississippi Code Annotated section 97-3-73 (Rev. 2000) and was sentenced to a term of ten years in the custody of the Mississippi Department of Corrections by order of the Clay County Circuit Court on July 15, 2003. Doss filed a “Motion for PosWCon-viction Collateral Relief’ on October 23, 2004, alleging ineffective assistance of counsel. The trial court dismissed this petition on January 18, 2005, stating that the allegations contained in Doss’s petition “are refuted by the information covered in *1101 the Petitioner’s signed, notarized plea petition and during the Petitioner’s plea colloquy.” [1]
¶ 3. Doss subsequently filed a second motion for post-conviction relief on February 22, 2005 in the circuit court. Doss again asserted ineffective assistance of counsel as his grounds for the requested relief and set forth factual allegations identical to those alleged in his first motion. The circuit court dismissed this motion on April 15, 2005, finding Doss’s second request for post-conviction relief to be “frivolous” and stating that “[a]ny subsequent filings of the same nature would also be considered frivolous.” Doss filed a “Motion for Reconsideration” on November 7, 2005, in which Doss requested a reconsideration of the ten-year sentence imposed upon him pursuant to the guilty plea and sentencing order dated July 15, 2003. The circuit court dismissed this motion on January 13, 2006, citing the fact that the “Court has lost jurisdiction as to any aspect of the sentencing of [Doss].” Aggrieved by the court’s refusal to grant any of the requested relief, Doss filed his notice of appeal on January 26, 2006.[2]
DISCUSSION
¶ 4. A trial court’s denial of post-conviction relief will be disturbed only where that court’s decision was clearly erroneous. Kirksey v. State, 728 So.2d 565, 567(¶ 8) (Miss.1999) (citing State v. Tokman, 564 So.2d 1339, 1341 (Miss.1990)). The appropriate standard for questions of law, however, is de novo. Rice v. State, 910 So.2d 1163, 1164(¶ 4) (Miss.Ct.App.2005) (citing Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999)).
¶ 5. In the instant case, Doss does not assert the same basis for relief which he asserted in any of his motions filed with the trial court. In his “Summary of the Argument,” Doss makes the following allegations, which we recite in its entirety because it is the only source of argument contained anywhere in his brief:
The defendant was denied due process of law by the Court not tak[]ing the defendant[’]s testimony and witness’ testimony on the defendant[’]s behalf. The victim also did not point me out in a line up that the Clay County police refused to do.
Even if we were to give Doss the benefit of all reasonable inferences and conclude that the above argument is in effect an allegation that he received ineffective assistance of counsel, as he asserted in both motions for post-conviction relief, we still find Doss’s appeal deficient for two reasons.
*1102 ¶ 6. First, as to either of Doss’s motions for post-conviction relief, this appeal is untimely. Pursuant to Mississippi Rule of Appellate Procedure 4(a), absent circumstances not applicable to this appeal, Doss had thirty days from the entry of the order in which to file his appeal.[3] That thirty days had expired with respect to both motions for post-conviction relief well before Doss filed his notice of appeal in the instant case. The only order that was entered within thirty days prior to initiation of this appeal was the order dismissing Doss’s motion for reconsideration. Despite the fact that Doss’s “Summary of the Argument,” recited above, clearly does not relate to the relief which Doss requested in the November 7, 2005 motion for reconsideration, the order entered thereto is the only order from which this appeal would be timely. In that motion, Doss requested the circuit court to reconsider his sentence. Citing the fact that Doss “was sentenced during a previous term of court which has since ended,” the circuit court correctly concluded that “it has lost jurisdiction as to any aspect of the sentencing of [Doss].” See Miss.Code Ann. § 47-7-47(2)(a) (Rev. 2004) (setting one year from the date a defendant is placed into the custody of MDOC as the latest date upon which a circuit court may suspend a defendant’s sentence and place him on earned probation). Accordingly, even assuming that this appeal is an appeal from the circuit court’s dismissal of Doss’s motion for reconsideration, we find that the circuit court did not commit clear error nor did the court abuse its discretion in dismissing that motion.
¶ 7. Second, not only does Doss fail to cite any authority in support of his argument, he also fails to set forth any reasoning as to why the trial court erred by not allowing him to testify and by not subjecting him to a police line-up. Moreover, in his “Argument” section of the Appellant’s brief, Doss offers absolutely no support for the assertions included in his “Summary of the Argument.” In fact, Doss’s brief does not even outline which issues he intended to address in his “Argument” section. As an appellate court, we are not required to consider an argument which is not supported by authority. Howard v. State, 945 So.2d 326, 356(¶ 62) (Miss.2006) (citing Bell v. State, 879 So.2d 423, 434 (Miss.2004)). Doss cites no authority, makes no reference to any factual circumstances contained in the record, and makes no meaningful argument in support of his assignment of error. See Randolph v. State, 852 So.2d 547, 558(¶ 30) (Miss.2002) (finding that the Appellant’s “cursory argument without either citing to specific instances in the record of an abuse of discretion by the trial court or without further reason or explanation” amounted to a lack of meaningful argument for appellate review and constituted a waiver of the issue). Accordingly, we find that Doss has waived any issues that may have been properly presented to this Court by virtue of his failure to include meaningful argument and failure to cite any authority.
CONCLUSION
¶ 8. We find that Doss’s appeal is time barred with respect to his motions for *1103 post-conviction collateral relief. We further find that the circuit court was not clearly erroneous in dismissing Doss’s “Motion for Reconsideration” of his sentence. Additionally, the failure to cite any authority or make any meaningful argument constitutes a waiver of any issues which may have been properly presented to this Court for our review. Accordingly, we affirm the judgment of the circuit court dismissing Doss’s post-conviction motions.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF CLAY COUNTY DISMISSING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLAY COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, ISHEE, ROBERTS AND CARLTON, JJ„ CONCUR.

. None of the transcripts from the proceedings on the underlying robbery conviction were included in the record which is before this Court. Doss's "Designation of Records” designated "[a]ll clerks papers, trial transcripts and exhibits filed, taken or offered in this case” as being necessary to be included on appeal. Technically, this designation does not include papers, transcripts, or exhibits which are part of the underlying criminal conviction, as a motion for post-conviction collateral relief is a separate civil action. Nevertheless, were we not affirming on grounds which are in no way dependent on these absent documents, we would order a supplemental record to include such documents.

. Doss’s “Notice of Appeal” referred to "the Order of this Court entered on July 15, 16, 2003, in the above numbered cause" as being the order which he now appeals. We note that the circuit court's order announcing acceptance of Doss’s guilty plea and sentencing Doss to ten years in the custody of MDOC corresponds to the date referenced in Doss’s "Notice of Appeal.” However, the "above numbered cause” listed on the notice references cause number 2003-287, which corresponds to the cause number for his second motion for post-conviction relief.

. As previously mentioned, Doss's “Notice of Appeal” references cause number 2003-287. Incidentally, this cause number was assigned to both motions for post-conviction relief, to the reconsideration motion, as well as to all orders dismissing these motions.
We note that, absent certain circumstances which Doss does not assert in this case, successive motions for post-conviction collateral relief are not allowed. Miss.Code Ann. § 99-39-27(9) (Rev.2000). Because we are affirming the judgment of the circuit court on different grounds, we do not address this issue.