970 So.2d 190 (2007)
Curtis GORE, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-CP-01063-COA.
Court of Appeals of Mississippi.
August 28, 2007.
Rehearing Denied December 4, 2007.
*191 Curtis Gore, Appellant, pro se.
Office of the Attorney General by John R. Henry, attorney for appellee.
Before LEE, P.J., BARNES and CARLTON, JJ.
BARNES, J., for the Court.
¶ 1. Curtis Gore's motion for post-conviction relief was denied by the Circuit Court of Lowndes County as time-barred by statute. He had previously pled guilty to one count of sale of cocaine and was sentenced to twelve years' imprisonment.
¶ 2. On appeal, Gore assigns the following errors which we quote verbatim:
I. Whether Gore's plea of guilty was voluntarily entered or the result of blackmail, coercion, and threats violating his Fourth and Fifth U.S. Constitutional Amendments.
II. Whether the Court erred in accepting Gore's plea of guilty to the charge of sale of cocaine because Gore was entrapped into a criminal act due to "outrageous conduct" by Lowndes County Narcotics Agents and their 2 habitual criminal informants.
III. Whether Gore was deprived of effective assistance of counsel.
¶ 3. We find that the circuit court correctly denied the motion for post-conviction relief as time barred and affirm the judgment.

SUMMARY OF FACTS
¶ 4. Gore was indicted in May 2001, for sale of cocaine and possession of cocaine. On February 21, 2002, Gore executed a petition to plead guilty to the sale of cocaine charge. The circuit court considered the petition and found that the guilty plea was knowingly and voluntarily entered into and accepted the guilty plea to sale of cocaine. The charge of possession of cocaine was retired to the files. On November 14, 2002, Gore was sentenced to twelve years in the custody of the Mississippi Department of Corrections.
¶ 5. On March 7, 2006, Gore filed his motion for post-conviction relief, alleging that the State had violated his First Amendment rights by confiscating his "personal, private, nude, tapes and movies of Gore and his fiancé." He also alleged entrapment and coercion by threats to show his private movies if he refused to sign the guilty plea, and ineffective assistance of counsel.
¶ 6. In its order the court found that Gore's motion was filed past the statute of limitations of three years after entering a guilty plea. The court, finding that none of the exceptions of Mississippi Code Annotated section 99-39-5 were applicable, denied the motion as time-barred.
¶ 7. In his appeal to this Court, Gore does not address the denial of his motion as time-barred. Instead, Gore focuses on the merits of his arguments. He does not deny that he sold the cocaine to the agents, only that he did so after the agents continued to pressure him into making the sale. He considers this to be entrapment. Gore also contends that he was "blackmailed" into entering a guilty plea after the agents gained possession of private films of him and his fiancee and used these *192 films as leverage to make him enter a guilty plea rather than making the films public.

DISCUSSION
¶ 8. A trial court's denial of post-conviction relief will be disturbed on appeal only when the court's decision was clearly erroneous. Kirksey v. State, 728 So.2d 565, 567 (¶ 8) (Miss.1999) (citing State v. Tokman, 564 So.2d 1339, 1341 (Miss.1990)). The appropriate standard for questions of law, however, is de novo. Rice v. State, 910 So.2d 1163, 1164(¶ 4) (Miss.Ct.App.2005) (citing Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999)).
¶ 9. Mississippi Code Annotated section 99-39-5(2) (Rev.2000) provides:
A motion for relief under this chapter shall be made within three (3) years after the time in which the prisoner's direct appeal is ruled upon by the Supreme Court of Mississippi or, in the case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in the case of a guilty plea, within three (3) years after the entry of conviction.
¶ 10. The statute provides for exceptions where the prisoner can demonstrate that there has been an intervening decision by the Supreme Court (Mississippi or United States) "which would have actually adversely affected the outcome of his conviction or sentence. . . ." Miss.Code Ann. § 99-39-27 (9). Another exception is for newly discovered evidence or a case in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Id. As previously mentioned, Gore does not argue that his assignments of error come within any of these exceptions to the statute.
¶ 11. The circuit court specifically found that the statute was applicable and that "none of the exceptions" were applicable "since no new evidence has appeared which was not available when the case could have gone to trial, no intervening higher court decision has passed, nor is the Petitioner being detained on an expired sentence."
¶ 12. Even if the Court were not precluded by statute from reviewing the merits of Gore's appeal, he has provided the Court with little to go on. Apart from Gore's argument in his briefs, there is no support for any of his arguments, either in the circuit court or this Court. Gore has not provided any affidavits or other support for his contentions. If this Court was not precluded by statute from reviewing the merits of his arguments, the Court would have no alternative but to find his assignments of error without merit.

CONCLUSION
¶ 13. Gore's motion for post-conviction relief is barred by the three-year statute of limitation found in Mississippi Code Annotated section 99-39-5(2), and the circuit court correctly denied Gore's motion. We affirm that judgment.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF APPEAL ARE ASSESSED TO LOWNDES COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.