# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-00792-COA

**KAREN FARR A/K/A KAREN LEE FARR A/K/A**    **APPELLANT**
**KAREN L. FARR**

**v.**

**STATE OF MISSISSIPPI**            **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/24/2016 |
| TRIAL JUDGE: | HON. ANDREW K. HOWORTH |
| COURT FROM WHICH APPEALED: | MARSHALL COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | KAREN FARR (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALICIA MARIE AINSWORTH |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 12/05/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE IRVING, P.J., BARNES AND WESTBROOKS, JJ.

### IRVING, P.J., FOR THE COURT:

¶1. Karen Farr pleaded guilty to manslaughter and aggravated assault in the Marshall County Circuit Court. Subsequently, Farr, acting pro se, filed a motion for post-conviction relief (PCR) and asserted the following issues: (1) she did not receive a "Motion of Discovery," despite repeated requests; (2) she was coerced into pleading guilty; (3) she received ineffective assistance of counsel; (4) law enforcement was negligent in failing to arrest the victim, Ronnie Perry, on several outstanding warrants, which could have prevented his death; (5) Perry's role as a confidential drug informant for Marshall County law enforcement created a conflict of interest in her case; and (6) the "interests of justice"

warrant a reduction in her sentence. The circuit court denied Farr's motion, and she filed this appeal. Finding no error, we affirm.

FACTS

¶2. Farr was indicted on one count of murder for deliberately striking Perry with her vehicle, causing his death, and for one count of leaving the scene after striking him. While out on bail, Farr was charged with the crime of aggravated assault, and her bail was subsequently revoked.

¶3. On March 6, 2013, Farr entered a guilty plea to a lesser charge of manslaughter. The State agreed to retire to the files the second charge of leaving the scene. Farr also pleaded guilty to the aggravated-assault charge that she incurred while out on bail. The court conducted a plea hearing on both the manslaughter and aggravated-assault charges, and accepted Farr's guilty pleas with respect to both. The court sentenced Farr to serve twenty years in the custody of the Mississippi Department of Corrections (MDOC) for manslaughter, with none suspended, and twenty years for aggravated assault, with fifteen years suspended, five years to serve, and five years of post-release supervision. The sentences were ordered to run consecutively.

¶4. On March 7, 2016, Farr filed her PCR motion,[1] which the trial court denied on March 28, 2016. Farr filed a letter on April 3, 2016, in which she requested information about how to proceed since the circuit court had denied her PCR motion. The circuit court interpreted

---

[1] March 6, 2016, fell on a Sunday; thus, Farr's filing of her PCR motion on Monday, March 7, 2016, was timely, as it was the first business day after her time to file had expired.

2

this letter as a notice of appeal.[2]

## DISCUSSION

¶5.     "A trial court's dismissal of a PCR motion will not be reversed absent a finding that the trial court's decision was clearly erroneous." *Stokes v. State*, 199 So. 3d 745, 748 (¶7) (Miss. Ct. App. 2016) (citation omitted). "However, when issues of law are raised, the proper standard of review is de novo." *Id*. (citation omitted).

¶6.     Farr sets forth six issues in her appellate brief; however, she fails to cite to any authority for any of those issues. "As an appellate court, we are not required to consider an argument which is not supported by authority." *Doss v. State*, 956 So. 2d 1100, 1102 (¶7) (Miss. Ct. App. 2007) (citation omitted). An argument on appeal "shall contain the contentions of appellant with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied on." M.R.A.P. 28(a)(7). While we will not ignore a meritorious claim simply because it is inartfully drafted, the deficiencies in Farr's brief transcend beyond mere inartful drafting. *See Hill v. State*, 940 So. 2d 972, 974 (¶7) (Miss. Ct. App. 2006); *Gatewood v. State*, 909 So. 2d 754, 756 (¶4) (Miss. Ct. App. 2005). Notwithstanding this fact, however, we briefly address each of Farr's claims.

    I.    *Motion of Discovery*

---

[2] We, too, find that Farr's letter was appropriately deemed a notice of appeal, pursuant to Rule 3(c) of the Mississippi Rules of Appellate Procedure, which provides that "[a]n appeal shall not be dismissed for informality of form or title of the notice of appeal." Farr's letter exhibited an intent to obtain a disposition regarding her PCR motion, despite knowing that it had already been denied by the circuit court. We interpret this as an attempt to appeal.

¶7. First, Farr argues that she was never provided discovery, despite repeated requests. Farr also maintains that she "never saw any of the evidence that was used against [her]," including "affidavits, warrants, transcripts, 911 call transcripts, police reports, medical records, statements from witnesses," and other documents pertaining to her case. In response, the State argues that Farr makes no meaningful argument with respect to this issue, as she neither asserts how this evidence would have served as a proper basis for the circuit court to grant her relief nor cites to authority to support her argument.

¶8. Farr's argument with respect to this issue is superceded by the fact that she pleaded guilty. "[A] plea of guilty waives any evidentiary issue." *Jefferson v. State*, 855 So. 2d 1012, 1014 (¶11) (Miss. Ct. App. 2012) (citation omitted). As such, this argument has no merit.

*II.    Coercion*

¶9. Second, Farr asserts that she was coerced into pleading guilty during her interrogation, because she was advised that, if she pleaded guilty, she would only serve twenty-five percent of twenty-five years, and that she would be eligible for parole in five years. Farr maintains that she was in shock during her interrogation, and that she was suffering from "PTSD, Battered Women's Syndrome," and various other mental impairments. In response, the State contends that Farr's claim is contradicted by a plea petition signed by her, wherein she attested to the fact that she was not promised a lighter sentence in exchange for pleading guilty. The State also argues that Farr admitted during her plea hearing that she did not suffer from any type of mental impairment that would have prevented her from intelligently entering her guilty plea, and that no one promised her a lighter sentence in exchange for

4

pleading guilty. Finally, the State contends that Farr did not plead guilty until nearly a year after she was arrested and subsequently interrogated, weakening her argument that she was coerced during interrogation into pleading guilty.

¶10. We agree with the State. Farr presents no evidence in support of her argument, and the evidence included in the record supports the fact that Farr knowingly, intelligently, and voluntarily entered her plea. As such, we find no merit to this issue.

### III. Ineffective Assistance of Counsel

¶11. Third, Farr argues that her attorney was ineffective for informing her "of accepting a plea that wasn't upheld by MDOC." Further, Farr argues that her attorney failed to argue that she was abused by Perry or that she had suffered from domestic violence. The State, in response, argues that Farr signed the plea petition, warranting that she was fully satisfied with her lawyer's assistance. The plea petition also states that no one promised her a lighter sentence.

¶12. "A voluntary guilty plea waives claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." *Thomas v. State*, 159 So. 3d 1212, 1215 (¶10) (Miss. Ct. App. 2015) (internal quotations and citations omitted). We have already discussed earlier in this opinion Farr's claim that, during interrogation, she was coerced into pleading guilty[3] and have found that the record belies her contention in that regard. Thus, her assertion that her counsel was ineffective for failing to raise the issue of domestic abuse has been waived, as there was no

---

[3] Farr does not provide any further information about the interrogation. Presumably, the interrogation was conducted by a law-enforcement person.

5

trial, leaving nothing to raise in the way of a defense.

¶13. As stated, Farr maintains that her attorney informed her "of accepting a plea that wasn't upheld by MDOC." It is not clear to us as to what Farr is attempting to assert in this statement. Farr follows the statement with an assertion that the MDOC has failed to set a date for her parole, despite the fact that, prior to entering her guilty plea, she was informed by her counsel that she would be eligible for parole after serving five years of her sentence. Farr may have been so informed, but we want to be clear that we are not saying that she was. What is more important is that Farr has not provided any affidavits, not even one from herself, supporting her assertion that her counsel informed her that she would be eligible for parole after serving five years of her sentence. Likewise, she provided no evidence to suggest that her counsel's conduct proximately resulted in her guilty plea, or that, but for her counsel's errors, she would not have pleaded guilty. She signed the plea petition, warranting that she was satisfied with her lawyer's assistance. We therefore find no merit to this issue.

IV.    *Remaining Arguments: Law Enforcement, Conflict of Interest, and Interests of Justice*

¶14. As stated, Farr argues that law-enforcement personnel should have arrested Perry, the victim, prior to his death, on the basis that he had multiple outstanding arrest warrants. Farr's argument is essentially that it is law enforcement's fault that she killed Perry, because if they had arrested him, he would have been imprisoned, and she would not have been able to kill him. Farr argues that Marshall County law enforcement had a conflict of interest in her case because Perry worked as a confidential informant in drug cases for them. Farr's final argument is that, in the interest of justice, she should be granted a sentence reduction based

6

on the lack of evidence and unfairness in her case. None of these issues have any merit, and to the extent that any of them might have had a sliver of any merit, it was waived and abandoned when she pleaded guilty to the charges against her. Further, as previously noted, Farr cites no authority to support her claims. We therefore affirm the circuit court's denial of her PCR motion.

¶15. **AFFIRMED.**

**LEE, C.J., GRIFFIS, P.J., BARNES, CARLTON, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**