KITCHENS, PRESIDING JUSTICE, CONCURRING:
 

 ¶32. I fully join the majority opinion. I write separately to explain my vote with regard to whether the trial court erred in granting First Bank's summary judgment motion for judicial foreclosure.
 

 ¶33. Cindy and John Henderson allege that First Bank "made unauthorized disbursements of the Henderson new home construction loan fund to Copper Ridge Homes[.]" After discovering those "unauthorized disbursements," the Hendersons
 chose not to make any more payments on the promissory note. Assuming that is true,
 
 [3]
 
 First Bank was the first party to breach the contract. The Hendersons essentially argue that, since First Bank breached first, the trial court erred in granting the bank a judicial foreclosure. That argument is but partially correct and is not well developed.
 

 ¶34. Under the common law, "[a] party who has breached or failed to properly perform a contract has a responsibility and a right to cure the breach."
 
 Byrd Bros., LLC v. Herring
 
 ,
 
 861 So. 2d 1070
 
 , 1073 (Miss. Ct. App. 2003) (citing
 
 Fitzner Pontiac-Buick-Cadillac, Inc. v. Smith
 
 ,
 
 523 So. 2d 324
 
 , 328 (Miss. 1988) ). The nonbreaching party must give the breaching party notice of the breach and, assuming the breach can be cured, "must give [the breaching party] a reasonable opportunity to cure the breach."
 

 Id.
 

 (citing
 
 Fitzner
 
 ,
 
 523 So. 2d at
 
 328 ).
 

 ¶35. Additionally, there is a difference between a material and an immaterial breach.
 

 A breach is material when there "is a failure to perform a substantial part of the contract or one or more of its essential terms or conditions, or if there is such a breach as substantially defeats its purpose," or when "the breach of the contract is such that upon a reasonable construction of the contract, it is shown that the parties considered the breach as vital to the existence of the contract[.]"
 

 UHS-Qualicare, Inc. v. Gulf Coast Cmty. Hosp., Inc.
 
 ,
 
 525 So. 2d 746
 
 , 756 (Miss. 1987) (citations omitted). "Where the breach is a material one, the non-breaching party has a right to end the contract[.]"
 
 Herring
 
 ,
 
 861 So. 2d at
 
 1073 (citing
 
 UHS-Qualicare, Inc.
 
 ,
 
 525 So. 2d at
 
 756 ). "[I]f the breach is immaterial or minor, the nonbreaching party is not relieved of its duty to perform but may still sue for damages." Jeffrey Jackson, Mary Miller, Donald Campbell, et al.,
 
 Encyclopedia of Miss. Law
 
 § 21:35 (2d ed.), Westlaw (database updated Oct. 2018) (citing
 
 Timms v. Pearson
 
 ,
 
 876 So. 2d 1083
 
 (Miss. Ct. App. 2004) ).
 

 ¶36. Based on these authorities, the Hendersons could have terminated the contract with First Bank if the bank's breach had been material and if they had given First Bank an opportunity to cure it. Had the Hendersons terminated the contract, the trial court's granting a judicial foreclosure to First Bank would have been erroneous. The issues of breach and the remedies available both to the Hendersons and to the bank would have to have been resolved before a judicial foreclosure could have occurred. But the record and arguments in this case are unclear with respect to this issue.
 

 ¶37. In their appellate brief, the Hendersons cite only one authority on this issue,
 
 Ferrara v. Walters
 
 ,
 
 919 So. 2d 876
 
 (Miss. 2005), using that case to define a material breach. However, the Hendersons offered no argument or legal authorities to explain the reason First Bank's breach was material as opposed to minor. Nor does the record reflect whether First Bank was given an opportunity to cure its alleged breach. Lacking argument on these points, we cannot ascertain from the record whether the contract was terminated before the Hendersons defaulted on their obligations under the promissory note.
 

 ¶38. "Failure to cite relevant authority obviates the appellate court's obligation to review such issues."
 
 Bell v. State
 
 ,
 
 879 So. 2d 423
 
 , 434 (Miss. 2004) (citing
 
 Simmons v. State
 
 ,
 
 805 So. 2d 452
 
 , 487 (Miss. 2001) ). Additionally, when no "meaningful argument" is given in support of an issue on appeal, "the issue is considered waived."
 
 Randolph v. State
 
 ,
 
 852 So. 2d 547
 
 , 558 (Miss. 2002).
 
 See also
 
 ,
 
 Doss v. State
 
 ,
 
 956 So. 2d 1100
 
 , 1102 (Miss. Ct. App. 2007). The Hendersons waived a full consideration of the issue they presented by failing to cite relevant authority and to provide meaningful argument in support of the same.
 

 ¶39. Lawyers must provide authority in support of their arguments when appealing to this Court. If an issue is one of first impression, attorneys should state as much and, to the greatest extent possible, provide supporting authority for their arguments. The Court recognizes that Mississippi jurisprudence has not addressed every legal issue.
 
 [4]
 
 All the same, citation of some relevant authority-whether from other jurisdictions or secondary sources-is an important feature of appellate practice. Miss. R. App. P. 28(a)(7).
 

 KING, P.J., AND BEAM, J., JOIN THIS OPINION.
 

 "When reviewing an award of summary judgment, this Court ... will presume that all evidence in the non-movant's favor is true."
 
 Diogenes Editions, Inc. v. State ex rel. Bd. of Trustees of Insts. of Higher Learning
 
 ,
 
 700 So. 2d 316
 
 , 319 (Miss. 1997) (quoting
 
 Allen v. Mac Tools, Inc.
 
 ,
 
 671 So. 2d 636
 
 , 640 (Miss. 1996) ).
 

 The issue at hand does not fall into this category.