# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-00551-COA

**LARONDA FREELON A/K/A DENISE L.**          **APPELLANT**
**FREELON A/K/A DENISE PEARSON**

**v.**

**STATE OF MISSISSIPPI**          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 04/05/2018 |
| TRIAL JUDGE: | HON. JOHN ANDREW GREGORY |
| COURT FROM WHICH APPEALED: | CALHOUN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | LARONDA FREELON (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 11/26/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE J. WILSON, P.J., WESTBROOKS AND LAWRENCE, JJ.

### WESTBROOKS, J., FOR THE COURT:

¶1. Laronda Freelon pleaded guilty in the Calhoun County Circuit Court to aggravated assault with a deadly weapon and robbery with a deadly weapon. Appearing pro se, Freelon appeals the circuit court's denial of her motions for post-conviction collateral relief (PCR). After review of the record, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2. On October 24, 2016, a Calhoun County grand jury indicted Freelon for aggravated assault with a deadly weapon (Count I) and robbery with a deadly weapon (Count II) in violation of Mississippi Code Annotated section 97-3-7(2)(b) (Rev. 2006) and Mississippi

Code Annotated section 97-3-79 (Rev. 2014). The indictment also charged Freelon as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2015), citing three prior felony convictions.

¶3. On January 10, 2017, the court entered an "Order Reducing Charge" pursuant to an "Agreed Motion to Reduce Charge." In accordance with the plea agreement negotiated by Freelon's attorney, the order removed the habitual-offender designation. Freelon executed and submitted her "Petition to Enter Plea of Guilty" before the court on the same day. The petition reflected the negotiated sentences and indicated that Freelon would be sentenced as a non-habitual offender. Prior to accepting Freelon's guilty plea, the circuit court engaged Freelon in an exhaustive examination, during which Freelon was asked several questions about her understanding of the charges, sentencing, inappropriate influences, and the rights she would waive by pleading guilty. The circuit court accepted Freelon's guilty plea and followed the State's recommendation for sentencing. The court's sentencing order provided that as to Count I, Freelon was sentenced to twenty years in the custody of the Mississippi Department of Corrections (MDOC), with three years suspended and seventeen years to serve, and for Count II, Freelon was sentenced to thirty years in MDOC custody, with thirteen years suspended and seventeen years to serve. The two sentences were set to run concurrently. The order does not reflect a habitual-offender enhancement.

¶4. On May 26, 2017, Freelon filed her first PCR motion, which the circuit court denied on August 21, 2017. Freelon filed another PCR motion on March 5, 2018. The circuit court denied the motion and entered an "Order Denying Relief Requested" on April 5, 2018, noting

the second PCR motion as successive. Aggrieved, Freelon now appeals.

## STANDARD OF REVIEW

¶5. We will only disturb a trial court's denial of a PCR motion where that court's decision was clearly erroneous. *Kirksey v. State*, 728 So. 2d 565, 567 (¶8) (Miss. 1999) (citing *State v. Tokman*, 564 So. 2d 1339, 1341 (Miss. 1990)). However, questions of law are reviewed de novo. *Rice v. State*, 910 So. 2d 1163, 1164 (¶4) (Miss. Ct. App. 2005) (citing *Brown v. State*, 731 So. 2d 595, 598 (¶6) (Miss. 1999)).

## DISCUSSION

¶6. The State correctly notes that because Freelon cites no authority to support her arguments, this Court is not required to lend its consideration to her claims. *Farr v. State*, 238 So. 3d 1177, 1179 (¶6) (Miss. Ct. App. 2017). Providing no caselaw or meaningful argument in support of her assignments of error, Freelon's claims are waived. M.R.A.P. 28(a)(7); *Bell v. State*, 879 So. 2d 423, 434 (¶28) (Miss. 2004); *Doss v. State* 956 So. 2d 1100, 1102 (¶7) (Miss. Ct. App. 2007). Freelon also failed to designate excerpts of the record as required by Mississippi Rule of Appellate Procedure 10(b)(1) and *Van Meter v. Alford*, 774 So. 2d 430, 432 (¶6) (Miss. 2000).

¶7. In addition to a lack of evidentiary or legal support for her argument, Freelon wholly misrepresents the facts surrounding her assignments of error.

¶8. Freelon alleges a denial of due process and asserts that the MDOC, in violation of the court's orders, has converted her sentences to that of a habitual offender. The assertion is false. The record provides a copy of the MDOC "Notice of Criminal Disposition," and while

3

the habitual status is noted under the "Indictment Charges," the designation is not present under the "Sentenced Charges." The removal of the habitual-status charge is consistent with the plea agreement and the court's sentencing order. Freelon does not and cannot point to any evidence within the record that indicates otherwise. Thus, the assertion that Freelon is serving time as a habitual offender is simply false.

¶9. By Freelon's account, the MDOC informed her that her seventeen years of time to serve would be "day for day" and that she was not eligible for parole or good time. This is consistent with the statutory guidelines for "crimes of violence" listed in Mississippi Code Annotated section 97-3-2(1) (Rev. 2014). Pursuant to Mississippi Code Annotated section 47-7-3(1)(g)(i) (Rev. 2015) and the Mississippi Supreme Court's recent decision in *Fogleman v. State*, 2016-CT-01244-SCT, 2019 WL 4071866, at *5 (¶¶22-24) (Miss. Aug. 29, 2019), Freelon, a person convicted of two statutorily enumerated violent crimes, is not eligible for parole.

¶10. Freelon also claims that police officers and the court misinformed her regarding the charges and sentencing guidelines related to her guilty plea, specifically that the seventeen years to serve were non-mandatory. However the record does not reflect any basis for the development of that understanding, and we can only conclude the issue is without merit. There was no mention of "non-mandatory" time during her plea hearing before the court or in the signed plea petition. The petition, signed by Freelon, states in relevant part:

> I believe that my lawyer is fully informed on all such matters. My lawyer has advised me of the nature of the charge(s) and the possible defenses that I have to the charge(s) . . . . *I declare that no officer or agent of any branch of government or any other person has made me any promises or inducements of*

4

*any kind to me or within my knowledge to anyone else that I will receive a lighter sentence, probation, early release or any other form of leniency if I plead "guilty".* . . . My lawyer has informed me as to the maximum and minimum punishment which the law provides for the offense charged in the indictment or criminal information. The maximum punishment which the Court may impose for this crime that I am charged with is [twenty years for Count 1 and a life sentence for Count II,] and [no] fine . . . . I do understand no one can assure me of parole or early release. . . . I understand that if I am not eligible for parole, I will not receive "good time credits" . . . . I believe that my lawyer is competent and has done all that anyone could do to counsel and assist me, and I am fully satisfied with the advice and help he has given me. . . . My lawyer has advised me of the elements of the charge(s) to which I am pleading.

(Emphasis added).

¶11. Freelon misrepresents the facts of the present case and fails to cite the record or any legal authority in support of her claims. The issues raised by Freelon are baseless and without merit. Accordingly, we affirm the circuit court's denial of Freelon's PCR motion.

¶12. **AFFIRMED.**

**BARNES, C.J., J. WILSON, P.J., GREENLEE, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR. CARLTON, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**